DOMINICK ROMANO, Plaintiff, v. FREDERICK GREENWALD, Defendant.— In a controversy submitted upon an agreed statement of facts, pursuant to sections 546 and 547 of the Civil Practice Act, judgment unanimously directed in favor of the plaintiff (vendor) against the defendant (vendee) for the specific performance of the contract for the sale of real estate, without costs. Under the terms of the contract, the vendee agreed to take title subject to restrictions mentioned in a certain deed. These restrictions read as follows: " Subject, however, to the following conditions and restrictions, which shall be covenants running with the land. That the manufacture, sale or keeping for sale of intoxicating malt or spirituous liquors is prohibited. That no dwelling house shall be erected upon the above-described premises which shall cost less than $3,000. That no cow stable, pig pen or other nuisance shall be erected or maintained upon the above described premises, but this restriction shall not be construed to prohibit the erection of an ordinary barn for horses or private garage erected in connection with a dwelling. That no objectionable manufacturing industry shall be carried on upon said premises." The vendor further warranted that " The Seller, however, hereby warrants that there are no restrictions either express or implied against the above described property prohibiting the erection and maintenance of a gas filling station." The restrictions did not *expressly* prohibit a gasoline filling station. Whether they prohibited it impliedly depends upon the proper construction of the words " other nuisance " mentioned in the restrictions and whether they included such a station. Manifestly a gasoline filling station is not included in the prohibition of an " objectionable manufacturing industry;" and when the words " other nuisance " are read and construed in their setting " that no cow stable, pig pen or other nuisance shall be erected or maintained upon the * * * premises," upon the principle *ejusdem generis* (*vide Friedman* v. *New York Central Railroad Co.*, 206 App. Div. 169, 171), a gasoline filling station is not within the purview of the restrictions and is not prohibited thereby. (*Goldstein* v. *Rosenberg*, 232 N. Y. 535, affg. 191 App. Div. 492, which affirms 108 Misc. 294.) The law favors the free use and enjoyment of real property and construes strictly against a grantor imposing them, restrictions as to its use. (*Reformed P. D. Church* v. *M. A. Bldg. Co.*, 214 N. Y. 268.) Here the language of the restriction relating to " cow stable, pig pen or other nuisance " is ambiguous. Therefore, that construction should be adopted which limits the restriction rather

than that which would extend its effect. (*Kitching* v. *Brown*, 180 N. Y. 414.) Present — Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ. Settle order on notice.