Fred J. Munder, J.
This is an action for declaratory judgment in which the plaintiffs seek to enforce a certain restrictive covenant which allegedly affects land now owned by the Town of Islip and maintained as a public bathing beach, upon which it proposes to erect a public comfort station to conform with the requirements of the Public Health Law. On the theory that the restrictive covenant referred to does not prohibit the maintenance of a public beach or the erection of the proposed structure, the town on this motion for summary judgment seeks a dismissal of the complaint. In opposing the motion the plaintiffs cross-move for the relief demanded in their complaint.
*181 The land in question extends approximately 1,375 feet south along the west side of Homan’s Creek Canal in Bayport to the shore line of the Great South Bay and thence westerly along the shore line about 250 feet. In recent years the town has been using the shore front of said premises as a public bathing beach and now proposes to build the public rest house on the land. This property was acquired in two portions from one Walter K. Post, now deceased. The northerly 160 feet thereof was deeded in consideration of $6,000 in 1932 for use as a public landing. The balance was dedicated to the town in 1947 for “ the benefit, use and enjoyment in perpetuity of the residents and owners of property in the Town of Islip, and their tenants ”, subject to a simultaneous agreement by the town to assume the expense of maintaining Homan’s Creek as a navigable canal. Both conveyances were made subject to a covenant contained in paragraph 4 of a prior agreement dated June 3, 1930 entered into by Mr. Post with his neighboring landowners, restricting the use of the land as follows: “ The grantees, their heirs or assigns, will not use any of their land within 500 feet of the canal for any deposit of lime, coal or fish, or for any factory, or for any other purpose that may cause or create noise, dust, excessive smoke, gases or disagreeable odors, or that may be otherwise detrimental to the value of the property in the vicinity for residential purposes ”.
Assuming the restrictive use to be binding upon the town,' and assuming the right of these plaintiffs to enforce the same, there remains before this court only the issue of law whether the particular present use of the premises and the proposed structure to be erected thereon constitute a violation of the covenant in the 1930 agreement. Clearly, use as a public park or bathing beach cannot be considered a violation of any of the specifically prohibited uses enumerated in the covenant. In order to interpret the intent of the original covenantors as to what other uses of the land were to be prohibited in futuro we must resort to ordinary rules of construction. Such a guide is the well-known doctrine of ejusdem generis which serves to make words of general import following an enumeration of specific things applicable only to things of the same general class. (28 C. J. S., Ejusdem, p. 1049.) Applying that doctrine to the words ‘ ‘ or for any other purpose that may cause or create noise, dust, excessive smoke, gases or disagreeable odors, or that may be otherwise detrimental to the value of property in the vicinity for residential purposes ” they must be construed as being applicable only to uses of the same general class or *182 nature as those specifically prohibited, which plainly would not include use as a public park or bathing beach. Had it been intended that the property never be used as a bathing beach, the covenant could easily have so provided. Restrictive covenants must be construed most strictly against those seeking to enforce them. (Buffalo Academy of Sacred Heart v. Boehm Bros., 267 N. Y. 242.) That such inclusion was never intended may be particularly so considered in the light of the conveyances to the town. Such deeds may limit the land to certain uses, but the use must be a public one. (Atlantic Beach Property Owners’ Assn. v. Town of Hempstead, 3 N Y 2d 434.) That a public use was contemplated may also be gathered from the very language of these instruments, and by the town’s agreement to undertake the maintenance of the boat canal which was clearly in the interest of the surrounding property owners. I conclude that use of this land as a park and bathing beach is not in violation of the covenant.
Nor does the erection of a comfort station violate the covenant. In the light of modern sanitary science and the statutory requirements (Public Health Law, § 1340) and rules (State Sanitary Code, ch. 6, reg. 11) such an installation is a necessary adjunct to a bathing beach. It is also a legitimate park purpose. (Williams v. Gallatin, 229 N. Y. 248, 254.) Thus if, as we have determined, the use of the land as a park or bathing beach does not violate the restrictive covenant, the erection and maintenance of a public comfort station is likewise permitted.
The plaintiffs’ second cause of action alleging that the town in providing for the improvement acted contrary to the provisions of section 220 of the Town Law, is wholly without merit. The town acted with full authority pursuant to the provisions of the Local Finance Law and was not required to make their adoption of the resolution subject to a permissive referendum.
The defendant’s motion for summary judgment is granted and the cross motion denied.
Settle order accordingly.