■ BETTY DUTCHKIN, Respondent, v. IRVING DUTCHKIN, Appellant.— In an action by a wife for a separation, the husband appeals from so much of an order of the Supreme Court, Kings County, dated February 17, 1960 as, on reargument, adhered to the original decision requiring him to pay $100 a week alimony *pendente lite* and a counsel fee of $2,000. Order insofar as appealed from affirmed, with $10 costs and disbursements. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ DAVID S. FISHMAN et al., Suing on Behalf of Themselves Individually and All Other Owners of Real Property in the Bayport Cove Section of the Town of Islip Similarly Situated, Appellants, v. TOWN OF ISLIP, Respondent, et al., Defendant.— In an action for a declaratory judgment, for an injunction and to recover damages, the plaintiffs appeal: (1) from an order of the Supreme Court, Suffolk County, entered September 2, 1959, granting the motion of the defendant, the Town of Islip, for summary judgment, and denying the plaintiffs' cross motion for summary judgment striking out the answer of the defendant town or for an injunction *pendente lite*; and (2) from the judgment entered on such order in favor of the defendant town. Order and judgment affirmed, with one bill of $10 costs and disbursements. No opinion. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur. [20 Misc 2d 180.]

■ MILDRED FRIEDMAN, Plaintiff, v. FRED D. ROTHSCHILD et al., Defendants.— Pursuant to statute (Civ. Prac. Act, §§ 546-548) the parties have submitted their controversy to this court upon an agreed statement of the facts. Submission dismissed, without costs. The question to be determined is whether title is marketable. Plaintiff appears to concede, as we believe she must, that, in order to find title marketable, we must find that Murray Friedman died in 1958. Although upon trial a court could make such a finding we may not draw inferences from the conceded facts. We may only decide the law on the facts submitted. (See *Cohen* v. *Manufacturers Safe Deposit Co.*, 297 N. Y. 266; *Feist* v. *Fifth Ave. Bank of New York*, 280 N. Y. 189; *Satz* v. *Crimswal Realty Corp.*, 286 App. Div. 1023.) Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.