Daniel E. Fitzpatrick, J.
This is an action to permanently enjoin defendant tennis club from using its property in violation of certain covenants and restrictions.
Plaintiff and defendant are owners of land in Forest Hills Gardens which is bound by covenants and restrictions contained in a declaration instrument established by the original developer Russell Sage Foundation. The first and fourth paragraphs of the declaration provide that the property shall be used for private residence purposes only with the exception of defendant’s property so long as it is used for “ Club purposes ”. The third paragraph also prohibits certain enumerated businesses and “ any noxious, dangerous or offensive thing, trade or business or use of the property whatsoever ’ ’. The Russell Sage Foundation assigned all of its interest in the declaration to the Gardens Corporation.
Defendant tennis club’s grounds have been improved with a large stadium which has been used in the past for national tennis championships and which was leased to promoters in connection with the Forest Hills Music Festivals. The festivals have taken place on approximately 10 nights each summer from 1961 through 1967 and have included some of the most popular entertainers of the period as performers.
Plaintiff testified that because of these music festivals he has been subjected to much noise from the performers, audience and traffic, that he suffered discomfort because of fumes from traffic passing in front of his home and that such traffic prevents access to his home.
Defendant contends that plaintiff has failed to pay the maintenance rates required by the declarations and thus cannot enforce the other covenants of the instrument.
*774 Assuming without deciding that plaintiff has paid the said rates, the decision of this action is limited to the remaining covenants and restrictions contained in the declaration since plaintiff chose at the trial to rely solely on the theory that defendant has breached them. Plaintiff argues that the said first and fourth paragraphs do not restrict defendant’s property so long as it is used for “ Club purposes ” and that since the festivals are not a “ Club purpose ” they should be enjoined. Defendant contends that the declaration does not limit its use to “ tennis only” activities and the term “Club purposes” does not prohibit it from participating in any other activity.
Restrictive covenants must be construed strictly against those seeking to enforce them, and when the language used is reasonably capable of two interpretations, the one that limits or confines rather than the one that extends or enlarges the restriction should be adopted. (Premium Point Park Assn. v. Polar Bar, 282 App. Div. 735, affd. 306 N. Y. 507; Buffalo Academy of Sacred Heart v. Boehm Bros,, 267 N. Y. 242.)
Of the two interpretations of the covenant, defendant’s results in a limitation of the restriction and is controlling. Obviously defendant could have increased its purpose to include music festivals by a mere amendment to its charter, although any additional activities would be subject to the restrictions contained in the third paragraph. Accordingly, paragraphs first and fourth do not restrict the music festivals and further the Gardens Corporation modified the restriction by granting approval for the festivals.
Plaintiff contends that the last sentence of the third paragraph prohibiting “ any noxious, dangerous or offensive thing, trade or business ” is a bar to the music festivals. In interpreting this sentence the doctrine of ejusdem generis limits the construction of these general words to things of the same kind, character or nature as those enumerated before them. (Fishman v. Town of Islip, 20 Misc 2d 180, affd. 10 A D 2d 984, mot. for lv. to app. den. 11 A D 2d 949; Romano v. Greenwald, 254 App. Div. 782; 28 C. J. S., Ejusdem, p. 1049.) When these words are construed in context it is clear that a public music show is not within the purview of the restriction. (Cf. Romano v. Greenwald, supra.) The intent of said paragraph is to restrict businesses that are concerned with manufacturing, mental institutions or hospitals or those giving off foul odors or which are dangerous. In Smith v. Scoville (205 App. Div. 112), the court held the restriction against business to mean public business where the deed contained restrictions against ‘1 theatre, museum, opera house, circus, menagerie or public show ”. In the instant *775 case similar language could have been included in the declaration if .public shows were intended to be banned. Such was not the intention since the founders of the community wished to have the defendant continue its public tennis championships. Accordingly the music festivals do not come within the said covenants and restrictions.
Lastly, even if the restriction did apply, the evidence fails to establish that the music festivals are a noxious, offensive or dangerous trade or business that must be enjoined. Equity takes jurisdiction in such cases to prevent irreparable injury to comfort and enjoyment without damage but not to protect a mere preference. A court will not grant an injunction where injury is slight and which would subject the other party to great inconvenience. (Forstmann v. Joray Holding Co., 244 N. Y. 22, 29, 30; Rowland v. Miller, 139 N. Y. 93.) According to the record, although the noise of the crowd and music was loud at some of the 10 performances a year, no resident other than the plaintiff testified that it was offensive nor has plaintiff shown any substantial annoyance or injury to his comfort and enjoyment of his home.
At the present time it seems that the traffic problem has been corrected by blocking off plaintiff’s street to all but residents and guests on nights of the performances and by opening a new entrance to the stadium. Since equity speaks at the time of the decree, injunctive relief may not be granted. (1130 President St. Corp. v. Bolton Realty Corp., 300 N. Y. 63; cf. Shaw’s Jewelry Shop v. New York Herald Co., 170 App. Div. 504, affd. 224 N. Y. 731.) Accordingly, judgment must be granted to defendant.