■ ROSEMARY FREUND et al., Appellants, v HAROLD GINSBERG, Respondent.—In a dental malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Held, J.), dated October 29, 1985, which sustained the defendant's affirmative defense that the action was barred by the Statute of Limitations and dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The record reveals that the plaintiffs and the defendant submitted for the Supreme Court's determination the issue of whether this action was barred by the applicable Statute of Limitations, based upon an agreed statement of facts. Accordingly, the plaintiffs cannot now argue that the issue should have been resolved by a jury at a plenary trial. Moreover, the plaintiffs' claim that the issue could not be decided without testimony by a dental expert was not raised before the Supreme Court and, therefore, it is not properly before this court (see, Fresh Pond Rd. Assocs. v Estate of Schacht, 120 AD2d 561, appeal dismissed and lv denied 68 NY2d 802). As the Court of Appeals stated in Deitsch Textiles v New York Prop. Ins. Underwriting Assn. (62 NY2d 999, 1002), "[b]y stipulation, the parties may shape the facts to be determined at trial and thus circumscribe the relevant issues for the court to the exclusion of the disputed matters that otherwise would be available to the parties".

While this court, following its own assessment of the facts, may render the judgment it finds warranted by the facts (see, Matter of Fasano v State of New York, 113 AD2d 885, 888), we find no basis to disturb the trial court's determination (see generally, Grellet v City of New York, 118 AD2d 141, 147-150). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.