■ FREDERICK A. BARTON et al., Appellants, v WALTER G. MUNZ et al., Respondents.—In an action, *inter alia,* to establish an easement across the defendants' land, the plaintiffs appeal, as limited by their brief, from so much of judgment of the Supreme Court, Putnam County (Dickinson, J.), dated June 2, 1987, as, upon a stipulated statement of facts as to the chains of title of the parties and the granting of the defendants' motion to dismiss the complaint, enjoined them from using or asserting any rights to the driveway crossing the defendants' land.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The dispute at bar centers on whether the plaintiffs are entitled to an easement across the defendants' land. On appeal the plaintiffs request that this court adjudge that they have met their burden of establishing all of the elements of a prescriptive easement by clear and convincing evidence. Alternatively, they ask that the matter be returned to the Supreme Court for a hearing on the conflicting claims. Inasmuch as the parties submitted a stipulated statement of facts limited to a recitation of the chains of title to the property containing the alleged easement in question, we need not decide whether, as the defendants contend, the claim of a prescriptive easement is raised for the first time on appeal. The parties, by stipulation, may shape the facts to be determined by the court and thus circumscribe the relevant issues for the court to the

exclusion of disputed matters otherwise available to the parties *(Freund v Ginsberg,* 130 AD2d 457). The Supreme Court was limited to deciding the law on the facts submitted *(Friedman v Rothschild,* 10 AD2d 984). No facts with regard to the plaintiffs' adverse, open, notorious, and continuous use of the easement were given in the statement. Neither of the deeds conveying the lands to the defendants' immediate predecessors in title, or to the defendants, nor the map accompanying the deed which conveyed the land to the defendants' immediate predecessors in title, indicated any reservation of an easement by the grantor, as the plaintiffs implied in their complaint. Under the circumstances, therefore, we see no reason to disturb the determination of the Supreme Court. Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.