MARTIN SCHNIBBE et al., Respondents, *v.* FRED GLENZ et al., Appellants.

**Pleading — real property — covenants — action to enforce restrictive covenant affecting real property — answer admitting facts alleged in complaint but denying that they constitute a violation of covenant neither sham nor frivolous — judgment on pleadings for injunction improperly granted in doubtful case.**

1. Where the answer, in an action to enforce a restrictive covenant affecting real property, admits the facts relied on to show the alleged violation, a defense that defendants are not thereby violating the covenants is neither sham nor frivolous. It goes directly to the merits.

2. In such an action, where the question is presented whether, as matter of law, any use of a dwelling house for the purpose of conducting a real estate and insurance business therein destroys its character as a private dwelling house, judgment on the pleadings for injunctive relief should not be granted in a doubtful case and in the exercise of discretion. The defendants have a right to put plaintiffs to their proofs and ask for the exercise of judicial discretion thereon.

*Schnibbe* v. *Glenz*, 219 App. Div. 793, reversed.

(Argued May 19, 1927; decided June 7, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 2, 1927, which affirmed an order of Special Term granting a motion by plaintiff for judgment on the pleadings.

*Max Ehrlich* for appellants. An answer containing matter of affirmative defense will not be stricken out as sham, but the party alleging it is entitled to the opportunity of a trial and to have the facts determined upon evidence in the usual manner. (*Central Bank of Rochester* v. *Thein*, 76 Hun, 571; *Kirschbaum* v. *Eschmann*, 205 N. Y. 127; *Golde Clothes Shop* v. *Loew*, 198 N. Y. Supp. 457; *Emanuel* v. *Walter*, 138 App. Div. 818; *Hagedorn-*

*Merz Co.* v. *Burns,* 178 App. Div. 483; *Soper* v. *St. Regis Paper Co.,* 76 App. Div. 409; *Reese* v. *Walworth,* 61 App. Div. 64; *Barton* v. *Griffin,* 36 App. Div. 572; *Cook* v. *Warren,* 88 N. Y. 37; *Curran* v. *Arp,* 141 App. Div. 659.) A restrictive covenant prohibiting the erection of any building other than a one-family dwelling is not violated by the use of part of such dwelling by the person occupying the same as such, for certain business purposes, where such business is not objectionable or offensive. (*Smith* v. *Graham,* 161 App. Div. 803; 217 N. Y. 655; *Smith* v. *Scoville,* 205 App. Div. 112; *Tonnelle* v. *Hayes,* 118 Misc. Rep. 339; *Clark* v. *Jammes,* 87 Hun, 215.) It is no more a violation of a restrictive covenant confining premises to dwelling houses for the owner of a dwelling house occupying it as such to conduct a real estate business on his own account therein, than it is for a physician, a dentist or a lawyer to maintain an office in his own home. (*Hall* v. *U. S. Casualty Co.,* 125 Misc. Rep. 517; *Smith* v. *Graham,* 161 App. Div. 803; 217 N. Y. 655.)

*James P. Collins* for respondents. The amended answer does not raise an issue. (*Rochkind* v. *Perlman,* 123 App. Div. 808.) The covenants and restrictions set forth in the complaint created a negative easement running with the land and were not merely to regulate the construction of the structure itself but its use as well, and the use, being restricted to a private dwelling house for one family only, is being violated by the conduct of a real estate and insurance business. (*Cromwell* v. *American Bible Soc.,* 202 App. Div. 625; *Baumert* v. *Malkin,* 235 N. Y. 115; *Barnett* v. *Vaughan,* 119 N. Y. Supp. 45; 134 App. Div. 921; 197 N. Y. 541.)

POUND, J. This is an action to enforce a restrictive covenant affecting premises known as No. 220 Rutland road, at the corner of Rutland road and Rogers avenue

[245 N. Y. 388]     Opinion, per POUND, J.     [June,

in the city of Brooklyn. The restrictive covenant provides that the owner of these premises will not " erect or cause or suffer or permit to be erected " thereon " any building or erection other than a private dwelling house for one family only." The complaint alleges on information and belief that the defendant Fred Glenz has erected or caused to be erected over a door on the Rogers avenue side of said house owned by the defendants a sign reading " F. Glenz, Real Estate," and on the window north of said door the following: " Real Estate and Insurance," and on the window south of said door the following: " Collecting and Managing; " and that " the said defendant, Fred Glenz, is conducting a Real Estate and Insurance Business in the said premises 220 Rutland Road, Brooklyn, New York."

The answer contains denials of all the allegations of the complaint except the allegations of defendants' title and that they took same subject to restrictive covenants and that defendant Fred Glenz had caused to be erected a sign over the door of defendants' premises on Rogers avenue reading, " F. Glenz, Real Estate," and is conducting a real estate and insurance business in said premises. The answer also sets up as a defense:

"*Sixth.* That prior to the commencement of this action and on or about the 25th day of March, 1926, the defendants purchased from one Frank P. Bristley and Harriet C. Bristley, his wife, certain premises known as #220 Rutland Road, Brooklyn, New York, and received a deed therefor in which said premises were conveyed subject among other things to covenants and restrictions as therein set forth.

"*Seventh.* That the said building so purchased as aforesaid was erected and constructed in compliance with the covenants and restrictions affecting the said premises and in no way or manner violates the same.

"*Eighth.* That the defendants herein are now occupying said premises lawfully as a one-family dwelling and

that nothing maintained by the said defendants or either of them in said dwelling in any way violates the covenants and restrictions affecting the said premises."

On plaintiffs' motion for judgment on the pleadings under rules 103, 104 and 112 of the Rules of Civil Practice the court struck out, quite properly, all of defendants' answer except the paragraphs sixth, seventh and eighth above set forth, on the ground that the denials as to matters of record were of knowledge or information sufficient to form a belief and that the denials of matters within the personal knowledge of defendants were on information and belief and were insufficient. (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127; *Harley* v. *Plant*, 210 N. Y. 405.) It also granted judgment " that the defendants Fred Glenz and Katie Glenz, his wife, their agents, attorneys, servants, tenants and all other persons claiming by, through or under them or either of them be forever restrained and prohibited from erecting or suffering or permitting on any part of the premises situated at the southwest corner of Rutland Road and Rogers Avenue having a frontage on Rutland Road of twenty-three (23) feet with a uniform depth of one hundred (100) feet and known as #220 Rutland Road, any building or structure other than a private dwelling for one family only and from using and occupying the same for any purpose other than as a private dwelling for one family only and the said defendants are further ordered and directed to remove the signs on the side of said house."

The answer contained no denial of the allegation of the complaint: " on information and belief that the said defendant Fred Glenz is conducting a real estate and insurance business in said premises." The question is presented, although inartistically, whether the terms of the restrictive covenant have been violated so as to entitle plaintiffs, as matter of law, to the injunctive relief granted. Defendants admit the facts relied on to show the alleged violation but allege that they are not

thereby violating the covenants affecting the premises. The defense is neither sham nor frivolous. It goes directly to the merits. Construing the restrictive covenant as applying to use as well as construction (*Baumert* v. *Malkin,* 235 N. Y. 115, 124; *Powers* v. *Radding,* 225 Mass. 110, 114) the question remains: Does any use of the dwelling house for the purpose of conducting a real estate and insurance business therein, as matter of law, destroy its character as a private dwelling house?

The suggestion has been made in judicial opinions that some kinds of personal business, such as that of a physician or a lawyer, may be carried on in one's dwelling house without inconvenience to the neighboring property holders and without changing the general private character of the use of the building. (*Smith* v. *Graham,* 161 App. Div. 803, 809; affd., on opinion below, 217 N. Y. 655.) Doubtless this may become a matter of degree, so that we refrain from holding that the complaint does not state a cause of action, but it does not follow that if a physician sees his patients or a lawyer meets his clients at his house in a room which he calls his office, he thereby destroys the character of his home as a private dwelling house in the usual meaning given to such words. Music schools (*Baumert* v. *Malkin, supra*) and private hospitals (*Barnett* v. *Vaughan Institute,* 197 N. Y. 541) which destroy the private character of the dwelling and offend the neighbors, differ widely from the case presented.

Defendant Fred Glenz was permitted to read his affidavit, which is recited in the order, to the effect that he occupied the house solely and exclusively as a private dwelling house; that he had a desk in a room in the basement at which he conducted such little real estate transactions as came to him; that the entrance thereto is on the Rogers avenue side of the property which is a business street. It may well be that this affidavit was not properly before the court except as a basis for leave to serve an amended answer, but it is in the record and throws some

light on the nature of the business carried on by the defendant.

Judgment on the pleadings granting injunctive relief should not be granted in a doubtful case and in the exercise of discretion. On the bare facts set forth in the complaint it cannot be said that the judgment granted is inevitable. The defendants have a right to put the plaintiffs to their proof, and to ask for the exercise of judicial discretion thereon.

The judgment of the Appellate Division and that of the Special Term should be reversed and plaintiffs' motion for judgment on the pleadings denied, with costs in all courts.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.