MARTIN SCHNIBBE et al., Respondents, *v.* FRED GLENZ et al., Appellants.

(Argued October 4, 1929; decided October 15, 1929.)

*Max Ehrlich* for appellants. The order of the Appellate Division does not state the particular questions of fact upon which the reversal was made as required by section 602 of the Civil Practice Act and the reversal, therefore, must be conclusively presumed to have been made upon the law only. (*Cannon* v. *Fargo*, 222 N. Y. 321; *Goodman* v. *Marx*, 234 N. Y. 172; *Partola Mfg. Co.* v. *General Chemical Co.*, 234 N. Y. 320; *N. Y. Dock Co.* v. *Flinn-O'Rourke Co., Inc.*, 234 N. Y. 126; *McGibbon* v. *Tarbox*, 205 N. Y. 271; *Seneca Distributing Co.* v. *Fulton*, 227 N. Y. 48; *Moore* v. *Vulcanite- Portland Cement Co.*, 220 N. Y. 320; *Levy* v. *Louvre Realty Co.*, 222 N. Y. 14; *Hearst* v. *N. Y. C. & H. R. R. R. Co.*, 215 N. Y. 268; *Caldwell* v. *Lucas*, 233 N. Y. 248.)

*Andrew F. Van Thun, Jr.*, and *James P. Collins* for respondents. The reversal by the Appellate Division should not be considered or conclusively presumed by this court to be a reversal on the law only. (*Caldwell* v. *Nicholson*, 235 N. Y. 209; *Raphael* v. *Kutsukian*, 251 N. Y. 571.)

CRANE, J. This case has been here before (245 N. Y. 388). It came up on the pleadings. The Special Term had granted the plaintiffs' motion for judgment on the pleadings, and this ruling had been affirmed by the Appellate Division. We decided that there was an issue of fact presented by the answer, and reversed the judgment.

The case coming on for trial, the Special Term, after hearing both sides, granted judgment for the defendant, making full and complete findings of fact and conclusions of law. On appeal, the Appellate Division reversed the judgment upon the law and the facts and granted a new trial. It failed, however, to state what findings of

fact made by the trial judge were reversed. Thereupon, the appellant, the successful party, moved the Appellate Division to resettle its order so as to state the findings of fact which that court had disapproved. The motion was denied (226 App. Div. 809). Knowing the care which is usually taken by the Appellate Division to make its orders conform to the required practice, we realize that there must be some misunderstanding of the provisions of the Civil Practice Act relating to procedure in that court.

We held in *Goodman* v. *Marx* (234 N. Y. 172) that where a judgment was reversed upon the facts and a new trial granted, the Appellate Division was required to state the facts which it disapproved. If this were not done, the reversal was upon the law only. We also held that because of the amendment to section 602, this rule did not apply to the general verdict of a jury. We there said: " The statement that the reversal is upon the facts as well as upon the law is now sufficient in case of a general verdict to show that the Appellate Division has reviewed the facts and has reversed and granted a new trial upon the ground that the verdict is contrary to or against the weight of evidence." The practice, however, has not been changed as to trials before the court without a jury, where findings of fact have been made. The case before the court is an equity action to enforce a covenant and restrain the defendants from violating it. The judge made findings of fact. Pursuant to section 602 of the Civil Practice Act, therefore, it must be conclusively presumed that the judgment was not reversed or the new trial granted upon questions of fact, as the particular question or questions of fact upon which the reversal was made and the new trial granted are not specified or referred to in any way.

Section 584 of the Civil Practice Act gives power to the appellate courts to reverse or affirm wholly or in part, but does not specify how the determination shall

be expressed. This has been left to section 602 of the Civil Practice Act. Rule 239 of the Civil Practice Rules cannot modify any provision of the Civil Practice Act, and does not attempt to do so. Where there is a reversal or a modification of a judgment entered on the decision of a court without granting a new trial, the Appellate Division according to this rule may reverse any finding and make such new finding as may be necessary to sustain its decision. Here a new .trial was granted and no finding reversed or new finding made. The rule merely carries out the practice to be followed under the requirements of section 584, section 602 and section 620 of the Civil Practice Act. (See, also, to the same effect *Partola Mfg. Co.* v. *General Chemical Co.*, 234 N. Y. 320; *Caldwell* v. *Nicolson*, 235 N. Y. 209.)

The respondent in his brief calls our attention to the recent case, *Raphael* v. *Kutsukian*, decided by this court on July 11, 1929 (251 N. Y. 571). While the note prepared by the Reporter states that the Appellate Division granted a new trial as against the weight of evidence, the records on file in this court show that the order of the Appellate Division was amended (July 2, 1929) before this court made its decision, so as to show the findings of fact which were reversed.

We, therefore, are bound to presume that the findings of fact made by the Special Term in this case have been affirmed, and the judgment reversed solely on the law. The findings, as made, sustain the judgment. We have previously held that an issue of fact was presented by the pleadings. The trial justice found the facts as alleged by the defendants in their answer. These facts are sufficiently set forth in our previous decision (245 N. Y. 388). To them is added the 22d-finding of fact — " that the several plaintiffs herein have not suffered any damage by reason of the fact that the defendant, Fred Glenz, has the aforesaid signs [real estate and insurance] on the Rogers avenue side of his said building and uses

one room in the basement thereof as his office." The court also finds that Rogers avenue has been and still is a business street.

These findings stand and justify the conclusion of the trial justice that the plaintiffs, whose property faces on Rutland road, some distance away from Rogers avenue, are not entitled to an injunction.

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.