Robert 0. Brink, J.
The above-named plaintiffs have brought an action to obtain a permanent injunction against the defendants, who are their neighbors, on Stratford Place in the City of Binghamton, Broome County, New York, for an alleged violation of a restrictive covenant limiting the use of the residential premises occupied by the defendants. The covenant, which runs with the land, provides: “ Said real property shall be used exclusively for private dwelling purposes ”. A temporary injunction has been applied for pending the trial of the action.
There is no claim that the defendant, George F. Gitlitz, a physician and surgeon, is using the premises for the practice of his profession. It is contended that his wife, Sheila R. Gitlitz, who is a speech pathologist and audiologist, with a master’s degree in this science, is violating the restrictive covenant by seeing and aiding handicapped children on the premises. At one time the plaintiffs, or their grantors, consented in writing to permit a physician to practice medicine from these premises.
It appears, from the affidavit of Mrs. Gitlitz, that she is the mother of three children aged 4%, 2 and 16 months, at the time her affidavit was verified on February 16, 1971; that she has presently 12 patients and normally sees and attends 10 to 16 patients per week, on an average of 20 patient visits per week; that the sessions last 30 minutes to an hour; that she sees only one patient at a time; that most of the patients come to her residence by car; and off-street parking is provided behind her residence so that no vehicles are parked on the street.
*999 Under the facts presently before the court, there is a very serious question as to whether the incidental, part-time use of the premises for the above purpose is a violation of the restrictive covenant. (Schnibbe v. Glenz, 245 N. Y. 388; 252 N. Y. 7; Blair v. La Due, 14 A D 2d 373, 375.)
Defendant in her affidavit further states that, although she charges for her services, she has installed no signs on the premises and does no advertising except a listing in the telephone directory.
It seems to this court that the use of the premises for this part-time purpose is incidental to its use as a private dwelling. Restrictive covenants should be strictly construed against those seeking to enforce them. (Etkin v. Hyney, 32 A D 2d 704.) This type of incidental use is recognized in the Zoning Ordinance of the City of Binghamton. The ordinance in defining a home occupation in a residential district such as this states (section 202 [48]): “ An accessory use of a service character customarily conducted within a dwelling by the residents thereon, which is clearly secondary to the use of the dwelling for living purposes and does not change the character thereof or have any exterior evidence of such secondary use other than a small name plate and in connection therewith there is not involved the keeping of a stock in trade. The office of a physician, surgeon, dentist, attorney, accountant, engineer, architect, chiropractor, podiatrist, osteopath, chiropodist or other professional person, including an instructor in violin, piano or other individual musical instrument, limited to a single pupil at a time, who offers skilled services to clients, and is not professionally engaged in the purchase or sale of economic goods, shall be deemed to be home occupations.”
Certainly in these days of women’s liberation, a housewife with small children should not be prohibited from rendering a public service in her home if it does not interfere with the peace, comfort and enjoyment of her neighbors. It is very hard to comprehend how the activities of the defendant housewife cause such interference with her neighbors.
The defendant is the only qualified person to render this service in the entire community. Such a strict compliance of the restrictive covenant, as the one sought by the plaintiffs, would prevent the modern housewife with children from giving piano lessons, making dresses, or from practicing other avocations beneficial to the public.
As to whether this part-time use of the premises is a violation of the restrictive covenant, it is a matter of degree and at least must be considered as a question of fact. Under the circum *1000 stances, with the failure of the plaintiffs to establish sufficient damage and prejudice for a temporary injunction or emergency restraining order, the court, in the exercise of its discretion," denies the motion, with $20 motion costs to the defendants.