■ STEPHEN GARCIA, an Infant, by His Guardian ad Litem, INOCENCIO A. GARCIA, et al., Respondents, v. BENNY KUPERSMITH, Defendant, and LORENZO F. PADILLA, Appellant.— Orders, Supreme Court, New York County, entered on March 6, 1972 and June 9, 1972, respectively, unanimously affirmed, without costs and without disbursements. Appeal from order of said court entered on April 26, 1972, unanimously dismissed, without costs and without disbursements. No opinion. Concur — McGivern, J. P., Markewich, Nunez, Murphy and Eager, JJ.

■ NATHAN FLEISCHER, Appellant, v. THIRD BREVOORT CORPORATION, Respondent.— Order and judgment (one paper), Supreme Court, New York County, entered June 8, 1972, unanimously reversed on the law and the facts, defendant's motion denied, and plaintiff's motion granted to declare in favor of the plaintiff to permit his practice of psychotherapy pursuant to a letter of permission, in the apartment purchased for that purpose in the defendant's co-operative. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The plaintiff, a nonpracticing attorney who devotes himself to psychology and psychotherapy, purchased the stock of defendant co-operative and entered into proprietary leases for two apartments, one for residence, and one for both residence and the purpose of the practice of psychotherapy and spent a considerable sum to alter for the latter purpose. His letter acompanying the payment checks so specified. In that connection, he obtained a letter from the attorneys for the co-operative corporation signed by its president, giving him permission for "maintaining a practice as a consulting psychotherapist at said premises, provided that such practice is limited to not more than twenty patients per week." It is contended by the defendant-respondent that, at the time of purchase and the issuance of the letter of permission, the co-operative was merely an organizing shell and there was no authority to grant the variance. While it may well be that seeing patients in a home does not disturb its character as a private dwelling so that permission would not be needed (see *Schnibbe* v. *Glenz,* 245 N. Y. 388, 392; *Bell* v. *Gitlitz,* 65 Misc 2d 998, affd. 38 A D 2d 656), in this matter the plaintiff clearly had the necessary written permission from the co-operative corporation and its organizing board of directors, and a subsequent change of attitude by new, albeit more permanent, officialdom, cannot alter his rights. Concur — McGivern, J. P., Nunez, Kupferman, Steuer and Capozzoli, JJ.