■ ELIZABETH FARINA et al., Appellants, v PAN AMERICAN WORLD AIRLINES, INC., Respondent.—In a negligence action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Orange County (Green, J.), dated January 4, 1985, which denied their motion for summary judgment.

Order reversed, on the law, with costs, and motion granted to the extent of awarding plaintiff partial summary judgment on the issue of liability and matter remitted to the Supreme Court, Orange County, for further proceedings to determine damages.

On October 9, 1983, plaintiff Elizabeth Farina was injured when an aircraft in which she was a passenger went off a runway while landing at Kennedy Airport. The record is silent as to what caused the aircraft's departure from the

runway. Upon these facts, there is a sufficient evidentiary basis for invoking the doctrine of res ipsa loquitur *(see, e.g., Abbott v Page Airways,* 23 NY2d 502, 510; *Zaninovich v American Airlines,* 26 AD2d 155). The res ipsa doctrine creates a permissible inference of negligence which may be rebutted *(see, Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135). However, as the Court of Appeals noted in *George Foltis, Inc. v City of New York* (287 NY 108, 121): "There may be cases where the *prima facie* proof is so convincing that the inference of negligence arising therefrom is inescapable if not rebutted by other evidence" *(see also, Gravitt v Newman,* 114 AD2d 1000; *Notice v Regent Hotel Corp.,* 76 AD2d 820).

In opposition to the motion for summary judgment, defendant submitted an attorney's affirmation and thereby sought to defeat plaintiffs' motion by reference to speculative issues of fact concerning the proximate cause of the accident. There is no allegation made therein that the affirmant had personal knowledge of the relevant facts. Therefore, the affirmation has no probative value to defeat the motion for summary judgment *(see, e.g., Roche v Hearst Corp.,* 53 NY2d 767, 769; *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 500). Accordingly, defendant has failed to refute the inference of its negligence and partial summary judgment in plaintiffs' favor is warranted as a matter of law. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.