■ CHANTEL DICUPE, Respondent, et al., Plaintiffs, v CITY OF NEW YORK, Defendant, WILLIAM M. MICHAELS, Respondent, and ANTHONY GRACE & SONS, INC., Appellant.

The plaintiff Dushanska Dicupe and her daughter, Chantel, were struck by an automobile owned and operated by the defendant William M. Michaels (hereinafter Michaels) while standing on a traffic island on Ocean Parkway in Brooklyn. The plaintiffs commenced an action against Michaels and the City of New York and a separate action against Anthony Grace & Sons, Inc. (hereinafter Grace), who constructed the roadway. Grace moved for summary judgment dismissing the complaint as against it, which motion was supported by an affirmation of counsel, an affidavit by an assistant vice-president of the company and various documents indicating that Grace bore no responsibility for design of the structure.

The plaintiffs' counsel submitted an affidavit stating that the case against Grace related to the "design and planning of the intersection in question", which he conceded was performed by the City and State of New York; therefore, the plaintiffs did not object to Grace's motion. The plaintiff Carlos Dicupe also submitted an affidavit which stated as follows: "I understand the issues of this case and agree with my counsel that defendant, ANTHONY GRACE & SONS, INC., has no responsibility for the accident herein and thus does not belong in this lawsuit."

However, Michaels opposed the motion solely by way of an affirmation of counsel, who had no personal knowledge of the facts, and which contained conclusory allegations. This affirmation was insufficient, as a matter of law, to raise any triable issues of fact (see, Zuckerman v City of New York, 49 NY2d 557; Farina v Pan Am. World Airlines, 116 AD2d 618).

The motion for summary judgment by Grace should have been granted in its entirety. Dushanska and Chantel Dicupe were injured in the same accident under identical circumstances, and it is inconsistent and legally inappropriate to dismiss the action by one and not the other. If the court believed that the infant Chantel's guardian, Carlos Dicupe, was not acting in the child's best interest in not opposing the motion, it could have replaced him as guardian (see, CPLR

1202; *Lee v Gucker,* 16 Misc 2d 346). In this regard, the court's determination not to direct such a drastic procedure was not an abuse of discretion. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.