■ ROBERT GROSVENOR et al., Plaintiffs, v NIEMAND BROTHERS et al., Defendants and Third-Party Plaintiffs-Appellants. BELL SECURITY, INC., Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Held, J.), dated April 25, 1988, which granted the motion of the third-party defendant Bell Security Inc. for summary judgment dismissing the third-party complaint, and (2) from an order of the same court dated May 27, 1988, which severed the third-party action from the main action.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiffs commenced the instant action in January 1987, *inter alia,* to recover damages for personal injuries, etc., which the plaintiff Robert Grosvenor sustained when he fell off a ladder while replacing a light bulb in a fixture located on the defendants' premises. The plaintiff Robert Grosvenor, an employee of the third-party defendant Bell Security, Inc. (hereinafter Bell), a security company, was assigned as a security guard for the defendants' premises on the day of the accident. Following service of the plaintiffs' complaint, the defendants served a third-party complaint upon Bell which contained three causes of action, namely, common-law indemnity, contribution and contractual indemnity.

Following joinder of issue in the third-party action and service of the bills of particulars, Bell moved for summary judgment dismissing the third-party complaint. In support of its motion, Bell submitted an affidavit of its office manager, Gail Cohen, in which she explained that there was no written agreement between Bell and the appellants for the performance of Bell's security services, but rather there existed an understanding between the parties whereby Bell agreed to provide security guards who would perform surveillance services at the appellants' premises. Ms. Cohen asserted that "there was absolutely no agreement, written or implied, that Bell would indemnify [appellants] under any circumstances". With regard to the appellants' cause of action for contribution, Cohen noted that the appellants' allegations in support thereof were merely conclusory and devoid of facts. In any

event, Cohen asserted that the cause of action was without merit since, according to the bills of particulars, the plaintiff Robert Grosvenor's accident occurred approximately 35 minutes before the start of his shift as a security guard. Additionally, it was established that the plaintiff's duties as a security guard did not include the performance of maintenance work. In view thereof, Bell maintained that the appellants' causes of action for contribution as well as indemnification should be dismissed.

In opposition to Bell's motion, the appellants' attorney submitted an affirmation in which he essentially took the position that Bell's motion was premature since discovery had not been completed. The appellants' counsel also maintained that Bell's office manager was not a proper party to submit an affidavit in support of the summary judgment motion since she did have firsthand knowledge of the facts.

The Supreme Court granted Bell's motion for summary judgment dismissing the third-party complaint stating, *inter alia,* "[t]he motion is granted because the only opposition is by an attorney without actual knowledge of the facts". In a subsequent order, the Supreme Court severed the third-party action from the plaintiffs' action. We now affirm.

It is well established that in order to defeat a motion for summary judgment, a party must come forward with evidentiary proof in admissible form sufficient to raise triable issues of fact *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276; *Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 342; *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). Moreover, an affirmation of counsel who has no personal knowledge of the facts, is insufficient, as a matter of law, to raise any triable issues of fact *(see, Zuckerman v City of New York,* 49 NY2d 557; *Dicupe v City of New York,* 124 AD2d 542, 543). Accordingly, in the case at bar, the appellants' submission of their counsel's affirmation in opposition to Bell's motion, was insufficient, as a matter of law, to defeat the summary judgment motion. Moreover, although discovery proceedings had not yet been completed at the time Bell moved for summary judgment, the appellants, who were asserting claims, *inter alia,* of common-law and contractual indemnification, should have been able to come forth with some evidentiary basis for those claims. Similarly, the appellants failed to adequately demonstrate what facts they sought to obtain during the discovery proceedings which would raise triable issues of fact as to the third-party complaint and what reasonable steps were taken during

the period of more than one year between joinder of issue and Bell's summary judgment motion, to obtain discovery.

Contrary to the appellants' contention, Cohen's affidavit was sufficient to warrant the granting of summary judgment in Bell's favor since Cohen, as Bell's office manager, had first-hand knowledge of Bell's business practices and procedures, and her affidavit raised a prima facie defense to the third-party complaint. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.