■ KIMBERLY A. MAY, Respondent, v CAMP GOOD DAYS AND SPECIAL TIMES, INC., Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a volunteer counselor at defendant camp, was injured while participating in an activity involving a "pamper pole". The "pamper pole" is an upright telephone pole, approximately 15 feet in height, against which a ladder is leaned. Participants climb the ladder to the top of the pole and leap to a trapeze bar suspended from an overhead wire. All participants are required to wear a body harness, which is attached to a safety

rope. The safety rope passes through an overhead pulley and into the hands of a member of defendant's staff standing on the ground. Upon releasing the trapeze bar, participants are lowered to the ground via a safety rope. When plaintiff, who was participating in the activity, released the trapeze bar, however, she fell to the ground and sustained injuries.

Plaintiff moved for summary judgment, relying on the doctrine of res ipsa loquitur. The court erred in granting her motion on the issue of defendant's liability and in striking defendant's answer and the affirmative defense therein of contributory negligence. On appeal, defendant does not argue that the dismissal of the affirmative defense of assumption of the risk was erroneous, and we therefore affirm the dismissal of that defense. The doctrine of res ipsa loquitur may not apply because plaintiff failed to show that the instrumentality was within defendant's exclusive control after plaintiff ascended the ladder (see generally, Fogal v Genesee Hosp., 41 AD2d 468, 474-475). By arguing only that "the most likely explanation" for the accident was that defendant's staff member failed to secure the harness properly, plaintiff failed to establish that she was entitled to judgment as a matter of law (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065; cf., Farina v Pan Am. World Airlines, 116 AD2d 618).

We further note that, although plaintiff argues that photographs depicting her ascent demonstrate that the lock connecting the safety rope to the harness was open, defendant's staff member raised an issue of fact for trial by asserting that the blue lock was photographed against a blue shirt and that the photograph showed that the lock was closed (see generally, Friends of Animals v Associated Fur Mfrs., supra). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.— Partial Summary Judgment.) Present—Denman, P. J., Green, Pine, Lawton and Doerr, JJ.