■ NICHOL TURNER, as Administratrix of the Estate of ROBERT TURNER, JR., Deceased and as Parent and Natural Guardian of LISA M. TURNER and Another, Infants, Plaintiff, v ROBERT TURNER, SR., et al., Defendants. (Action No. 1.) NICHOL TURNER, as Administratrix of the Estate of ROBERT TURNER, JR., Deceased, and as Parent and Natural Guardian of LISA M. TURNER and Another, Infants, Appellant, v MERCHANTS MUTUAL INSURANCE COMPANY et al., Respondents. (Action No. 2.) (Appeal No. 2.) [629 NYS2d 139] —Order unanimously affirmed without costs. Memorandum: In 1986 plaintiff commenced an action (No. 1), as administratrix of her husband's estate and on behalf of her infant children against Robert Turner, Sr. (Turner), to recover damages for the pain and suffering and wrongful death of decedent. In 1990 plaintiff commenced this action (No. 2) against defendants Merchants Mutual Insurance Company (Merchants Mutual) and Home Mutual Insurance Company (Home Mutual) seeking, *inter alia,* a declaration of

plaintiff's rights under the policies of insurance issued by them to Turner, requiring that they indemnify and provide a defense to Turner in plaintiff's action No. 1 against Turner, and to provide workers' compensation coverage to the estate of the deceased. On July 14, 1994, Supreme Court dismissed the complaint in action No. 1 against Turner as abandoned *(see,* CPLR 3215 [c]). Thereafter, on July 19, 1994, the court concluded that the part of plaintiff's action No. 2 seeking a declaratory judgment with respect to the liability insurance policies issued by Merchants Mutual and Home Mutual had become moot upon the dismissal of plaintiff's action No. 1. We affirm.

We reject the contention of plaintiff that the court erred in appointing a guardian ad litem to pursue a workers' compensation claim on behalf of her infant children. A court has discretion to appoint a guardian ad litem to protect an infant's interest if it appears that an infant's natural guardian is not properly protecting the infant's interest *(see,* CPLR 1202; *Dicupe v City of New York,* 124 AD2d 542, 543-544). The abandonment by plaintiff of a workers' compensation claim in 1987 and her failure to pursue action No. 1 diligently fully supports the court's determination to appoint a guardian ad litem. (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Callahan and Boehm, JJ.