■ DELMETREA SALTER, Individually and as Parent and Natural Guardian of DIMITRIUS J.N. HAWKINS, an Infant, et al., Respondents, v DEACONESS FAMILY MEDICINE CENTER et al., Appellants. (Appeal No. 1.) [700 NYS2d 894] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.

■ DELMETREA SALTER, Individually and as Parent and Natural Guardian of DIMITRIUS J.N. HAWKINS, an Infant, et al., Respondents, v DEACONESS FAMILY MEDICINE CENTER et al., Appellants. (Appeal No. 2.) [701 NYS2d 586] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs' four-day-old son sustained second degree burns on his leg and foot when defendant Katherine Battaglia, a nurse at defendant Deaconess Family Medicine Center (Center), a department of defendant Buffalo General Hospital (Hospital), placed a heated washcloth on his heel to facilitate drawing blood from him. According to Battaglia, because the Center did not have hot running water, she wet the washcloth and placed it in a microwave oven for one minute. After testing the cloth on her arm, Battaglia wrapped the cloth, covered with a disposable diaper, around the infant's heel.

Plaintiffs commenced this action alleging negligence and medical malpractice and thereafter moved for partial summary judgment on liability. Supreme Court granted that motion. After a jury trial on damages, the jury awarded plaintiffs, *inter alia,* $125,000 for past pain and suffering.

The court properly granted plaintiffs' motion. In support thereof, plaintiffs submitted the expert affidavit of a registered nurse who stated that, in her opinion, Battaglia deviated from the normal standard of care by placing the washcloth in the microwave oven for one minute because that would cause the cloth to become too hot for the intended use. Plaintiffs also submitted the deposition testimony of Battaglia in which she admitted that the washcloth caused the infant's burns.

By establishing a deviation from accepted practice and that the deviation was a proximate cause of the injury, plaintiffs established a prima facie case of malpractice (*see, Holton v Sprain Brook Manor Nursing Home,* 253 AD2d 852, *lv denied*

92 NY2d 818; *see generally, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). Defendants in opposition submitted only an attorney's affidavit challenging the opinion of the expert and thus failed to raise a triable issue of fact (*see, Fiore v Galang,* 64 NY2d 999, 1001).

Plaintiffs also established entitlement to summary judgment on grounds of res ipsa loquitur and negligence. Where the prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable and unrebutted, summary judgment on liability is proper. "The practice should be the same where under the rule of *res ipsa loquitur* the plaintiff establishes *prima facie* by circumstantial evidence a right to recover" (*Foltis, Inc. v City of New York,* 287 NY 108, 122; *see, Farina v Pan Am. World Airlines,* 116 AD2d 618). This is such a case.

Contrary to defendants' contention, the award of damages of $125,000 for past pain and suffering does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Duzon v State of New York,* 244 AD2d 189; *cf., Lyall v City of New York,* 228 AD2d 566, *lv denied* 88 NY2d 816). For the three months following the incident, the infant was subjected to various treatments, including debridement. (Appeal from Judgment of Supreme Court, Erie County, Mahoney, J.—Negligence.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.