■ REPUBLIC WESTERN INSURANCE COMPANY, Appellant, v RCR BUILDERS, INC., et al., Respondents, et al., Defendant. (And a Third-Party Action.) [702 NYS2d 609] —In an action to recover damages for breach of an indemnity agreement, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated October 21, 1998, which denied its motion for summary judgment as against the defendants RCR Builders, Inc., Vasilios Xanthakos and Dimitrios Xanthakos.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, its proof was insufficient to make out a prima facie case entitling it to summary judgment against the respondents. There was no showing that the appellant's affiant, Bernard Kroll, the president of its surety bond claims agent, Surety & Insurance Claims Contractors, Inc., and not the appellant's employee, had the requisite personal knowledge of the payments he alleges the appellant made. Thus, his affidavit was insufficient as a matter of law (*see, Republic Natl. Bank v Luis Winston, Inc.,* 107 AD2d 581;

*see also, Romano v Stanley,* 90 NY2d 444; *cf., Grosvenor v Niemand Bros.,* 149 AD2d 459).

Furthermore, the appellant failed to show that the document characterized by Kroll as its "accounting summary" of May 25, 1998, upon which Kroll's affidavit relied, qualified as an admissible business record or as anything more than hearsay. There was no proof that this document was made in the regular course of business, that it was made according to established procedures, or that the entries were made contemporaneously with the recorded transactions (*see, People v Cratsley,* 86 NY2d 81).

Thus, since the requirements set forth in the indemnity agreement were not satisfied, the appellant failed to make out its prima facie case. Summary judgment was therefore properly denied (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

In light of this determination, we need not reach the parties' remaining contentions. Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.