**NOBEL INSURANCE COMPANY,**
**Plaintiff,**

v.

**HUDSON IRON WORKS, INC.,** James Giannopoulos, Cathy Giannopoulos, Philippos Giannopoulos, and Melani Kapnisis, Defendants.

**Republic Western Insurance**
**Company, Plaintiff,**

v.

**Hudson Tech Construction, Inc.** f/k/a & d/b/a Hudson Iron Works, Inc., James Giannopoulos, Cathy Giannopoulos, Philippos Giannopoulos, and Melani Kapnisis, Defendants.

**Hudson Tech Construction, Inc.** f/k/a & d/b/a Hudson Iron Works, Inc., James Giannopoulos, Cathy Giannopoulos, Philippos Giannopoulos, and Melani Kapnisis, Third–Party Plaintiffs,

v.

**Nobel Insurance Company, Third–**
**Party Defendant.**

**Nos. 98 Civ. 4815(VM),**
**99 Civ. 4694(VM).**

United States District Court,
S.D. New York.

Aug. 28, 2000.

Martha Connolly, Ernstman & Friste LLP, Rochester, NY, Joseph Patrick Asselta, Agovino & Asselta, LLP, Mineola, NY, for Plaintiffs.

Michael McDermott, Scotto, Georgoulis, Dockery & Scotto, New York City, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

The indemnity agreement underlying this action has been the subject of two prior published opinions of this Court, familiarity with which is assumed. *See Nobel Ins. Co. v. Hudson Iron Works, Inc.,* 51 F.Supp.2d 408 (S.D.N.Y.1999) (Berman, J.); *Republic Western Ins. Co. v. Nobel Ins. Co.,* 2 F.Supp.2d 548 (S.D.N.Y.1998) (Rakoff, J.).

In July 1998, Nobel Insurance Co. ("Nobel") initiated an action in this district seeking indemnification from Hudson Iron Works, Inc., James Giannopoulos, Cathy Giannopoulos, Philippos Kapnisis, and Melani Kapnisis (collectively the "Hudson Defendants") (the "First Action").

Earlier, in June 1998, Republic Western Insurance Co. ("Republic") filed an action for indemnification in the Eastern District of New York against the Hudson Defendants (the "Second Action"). The Hudson Defendants brought an indemnification counterclaim against Republic, and filed a third party breach of contract complaint against Nobel. In June 1999, Republic's case was transferred to this district. On the understanding that the case would be consolidated with the First Action, the Hudson Defendants voluntarily withdrew the third party complaint against Nobel in the Second Action.[1]

Republic now moves for summary judgment on its claim against the Hudson Defendants, and to dismiss the Hudson Defendants' counterclaim. Notwithstanding

---

**1.** The cases have not been formally consolidated, an administrative detail the Court corrects with this Order.

the Hudson Defendants' withdrawal of the third party complaint, Nobel also moves for summary judgment dismissing the third party complaint. The Hudson Defendants have filed a motion *in limine* to exclude certain evidence with respect to Nobel's motion against the third party complaint.

In support of its motion for summary judgment, Republic offers the affidavit of one Bernard Kroll, the president of Republic's surety bond claims agent, who attests that an attached "accounting summary" reflects payments made by Republic in connection with the issuance of the performance bond and payment bond. Kroll further attests that he "kept [the accounting summary] in the ordinary course of business." The Kroll affidavit was originally submitted in support of a motion for summary judgment in Queens County Supreme Court in Republic Western's parallel state action against the Hudson Defendants' co-indemnitors and is evidently being recycled here. The affidavit bears the title and index number of that action. Both the Queens County Supreme Court and the Second Department Appellate Division, in denying summary judgment, rejected the Kroll affidavit, along with the attached accounting summary, because there was no showing that Kroll had any personal knowledge about the matters to which he attested, or that the "accounting summary" was anything more than inadmissible hearsay. *See Republic Western Ins. Co. v. RCR Builders, Inc.,* 268 A.D.2d 574, 702 N.Y.S.2d 609 (2d Dept. 2000).

■ A motion for summary judgment may not properly be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In assessing the record to determine whether there is a genuine issue as to any material fact, the district court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *St. Pierre v. Dyer,* 208 F.3d 394, 404 (2d Cir.2000). In ruling on the motion, the court may not assess weight or credibility of the evidence. *See id.* Rather, if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper. *See, e.g., Brady v. Town of Colchester,* 863 F.2d 205, 211 (2d Cir.1988).

■ A summary judgment motion may be made with or without supporting affidavits, *see* Fed.R.Civ.P. § 56(a); however, Rule 56 provides that if affidavits are submitted they "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein," Fed.R.Civ.P. 56(e). *See St. Pierre,* 208 F.3d at 404.

■ Here, there has been no showing that at the time he gave his affidavit, Kroll, who is not employed by Republic, had the requisite personal knowledge of the payments he alleges Republic made. His affidavit, along with the annexed accounting summary, is insufficient as a matter of law. Consequently, the motion for summary judgment is not supported by any evidence upon which a reasonable jury could find in favor of Republic, and the motion must be denied.[2]

Insofar as Republic moves to dismiss the Hudson Defendants' counterclaims, the

---

2. The Court notes that the Hudson Defendants' counsel, Michael McDermott, has submitted a 62 page affidavit in opposition to the motion for summary judgment. Mr. McDermott's affidavit is replete with legal argument, yet devoid of citation to legal authority, and it brims with factual assertions about which Mr. McDermott also could have no personal knowledge. Such affidavits are of little value to the Court in reaching its decision. Counsel

motion is denied. Republic has not offered any reason whatsoever for doing so. In fact, in its moving brief, Republic has disregarded the counterclaim entirely.

Nobel's motion for summary judgment against the Hudson Defendants' third party complaint is denied as moot. The third party complaint has been voluntarily withdrawn. Consequently, the Hudson Defendant's motion *in limine* challenging Nobel's supporting evidence is also moot.

### ORDER

For the foregoing reasons, it is

ORDERED that the above captioned cases are hereby consolidated for all further proceedings; and it is further

ORDERED that Republic Western Insurance Co.'s motion for summary judgment is denied; and it is further

ORDERED that the Hudson Defendants' third party complaint is dismissed with prejudice, having been voluntarily withdrawn; and it is further

ORDERED that Nobel Insurance Company's motion for summary judgment with respect to the third party complaint is denied as moot; and it is further

ORDERED that Hudson's motion *in limine* is also denied as moot; and it is further

ORDERED that the parties, including principals with settlement authority, are directed to appear before the Court in Courtroom 219, United States Courthouse, 40 Foley Square, New York, New York, for a settlement conference on 29 September 2000 at 2:00 PM; and it is finally further

ORDERED that the parties are directed to be trial ready within 60 days of the date of this Order.

are advised that affidavits in support of or opposition to motions for summary judgment must be limited to facts based on the affiant's personal knowledge.