■ 9394 LLC et al., Appellants, v JOHN T. FARRIS, JR., et al., Respondents. [782 NYS2d 281]—

In an action, inter alia, to enjoin the defendants from using

certain premises "in any capacity in furtherance of their various businesses and trades," the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered October 10, 2003, which granted the defendants' cross motion for summary judgment dismissing the complaint and denied as academic their motion pursuant to CPLR 3124 and 3126.

Ordered that the order is affirmed, with costs.

The defendants have owned and resided in certain premises (hereinafter the Premises) in a community known as Edgewater Point, within the Town of Mamaroneck, since 1979. The four plaintiffs each own and maintain other property within the same community. They seek to enforce against the defendants a restrictive covenant established in 1946 which provides, in relevant part, that "no manufactory, trade or business of any kind whatsoever shall at any time hereafter be erected, maintained or permitted upon the premises hereby conveyed," and that "[t]he term 'business' shall be deemed to prohibit the operation or maintenance of a school, hotel, or boarding or lodging house."

In papers submitted on the cross motion for summary judgment dismissing the complaint, the defendant John T. Farris conceded that the Premises has served as the corporate headquarters of A. Thomas Farris & Son, Inc. (hereinafter the Company), "a manufacturer's representative in the food-related products industry," and has been listed in the Westchester County telephone directory as the Company's business address. He maintained, however, that he has used the Premises only "for telephone, facsimile, electronic mailing and office administration" in connection with his work, and he averred without contradiction that such use did not "create, cause or involve any commercial vehicle traffic" or "any traffic whatsoever."

Restrictive covenants are enforceable "when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (*Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 431 [2004]). Nevertheless, because the law favors the free and unencumbered use of real property, any ambiguity in a covenant restricting use must be strictly construed against those seeking to enforce it, and the court must interpret the covenant to limit, rather than extend, its restriction (*see Witter v Taggart*, 78 NY2d 234, 237 [1991]; *Ludwig v Chautauqua Shores Improvement Assn.*, 5 AD3d 1119 [2004], *lv denied* 3 NY3d 601 [2004]; *Kaufman v Fass*, 302 AD2d 497, 498 [2003], *lv denied* 100 NY2d 512 [2003], *cert denied* 540 US —, 124 S Ct 1173 [2004]; *Turner v Caesar*, 291 AD2d 650, 651 [2002]). Whether or not a writing is ambiguous is a question of law to be

resolved by the court (see *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Funding Partners v RIT Auto Leasing Group*, 288 AD2d 431, 432 [2001]).

Plainly, the intent of the original grantors in this case was to reserve the lots in Edgewater Point for residential use. Such a restriction is generally enforceable and thus, in a similar context, a restriction against the use of premises for "any . . . manufactory, or business whatsoever" was held to prohibit the use of a portion of the premises as a real estate office, as well as an office for receiving orders for a painting business, where business signs were displayed (see *Trustees of Columbia Coll. v Lynch*, 70 NY 440 [1877]; *Launer v Hecht*, 15 AD2d 843 [1962]).

Here, however, the covenant cannot be said unambiguously to prohibit the activities engaged in by the defendants. In our view, it would be unreasonable to interpret the covenant to preclude the defendants, within the privacy of their own home, from conducting incidental business-related activities such as reading work-related documents or using the telephone, fax, or e-mail for incoming or outgoing communications, where those activities are not readily discernible to the public at large or to other residents of the Edgewater Point community. While Farris's admitted use of the Premises as the nominal corporate headquarters of the Company presents a somewhat closer issue, in view of the uncontradicted evidence that such use did not create any increase in traffic, commercial or otherwise, we are not persuaded that, standing alone, it either violates the covenant as a matter of law or raises a triable issue of fact regarding the defendants' compliance with the covenant. Resolving all ambiguities in the defendants' favor (see *Kaufman v Fass, supra; Turner v Caesar, supra*), we find that neither the letter nor the spirit of the covenant is offended so long as the defendants' business-related activities remain subordinate to the primary use of the Premises as the defendants' residence, and provided further that such activities are not readily discernible by other residents of Edgewater Point.

By tendering evidence that their occasional business-related use of the Premises involved no activities such as manufacturing, shipping, advertising, client meetings, or mass mailings that would have been readily discernible by other Edgewater Point residents, but rather consisted exclusively of telephone, fax, and e-mail communications, the defendants established their prima facie entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In opposition, the plaintiffs tendered only an affirmation of counsel

who had no personal knowledge of the facts. This was insufficient, as a matter of law, to defeat summary judgment (*see Plotkin v Seiden*, 233 AD2d 307 [1996]; *Smith v Board of Educ. of City of Yonkers*, 226 AD2d 362 [1996]; *Grosvenor v Niemand Bros.*, 149 AD2d 459 [1989]). Although discovery was still outstanding at the time of the defendants' cross motion, the plaintiffs nevertheless should have been able to present some evidence to support their claim that the defendants' business activities were readily discernible by other residents of Edgewater Point (*see Grosvenor v Niemand Bros., supra*). Because they did not, the Supreme Court properly granted the defendants' cross motion for summary judgment dismissing the complaint.

The plaintiffs' remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Fisher, JJ., concur.