JOHN P. RAUTENSTRAUCH, Appellant, v ARUNA BAKHRU, Respondent, et al., Defendant. [884 NYS2d 77]—

In an action to permanently enjoin the defendant Aruna Bakhru from using a portion of her primary residence to attend to medical patients, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated October 21, 2008, as granted that branch of the cross motion of the defendant Aruna Bakhru which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant Aruna Bakhru (hereinafter the defendant) both own and reside in single-family residences on adjacent properties. The parcels derive from a common grantor. The defendant, a medical doctor, admittedly uses a portion of her home to treat a limited number of patients, for which she obtained a special use permit from the Town of Poughkeepsie Zoning Board of Appeals. The plaintiff commenced this action to permanently enjoin the defendant from using a portion of her home to attend to patients by enforcing restrictive covenants in the respective deeds to the properties, which provide, in relevant part, that "1. The premises hereby conveyed shall

be used for residential purposes only. 2. No building shall be erected . . . on any lot other than one detached single family dwelling, to be occupied by not more than one family for residential purposes . . . 8. No business and/or commercial enterprise of any description shall be conducted or carried on upon said premises and the terms 'business and/or commercial enterprise' shall include manufacturing of every type. The use of any portion of said premises for the raising or care of any animals for commercial purposes is prohibited, and no animals, other than household pets, shall be kept on the premises, nor shall the premises be used for the business of any hospital, either public or private, for the care of those suffering from any disease or diseases, nor shall any building be used for a private school or nursery."

The plaintiff argues that the restrictive covenants, separately and together, prohibit the subject activity. Despite the special use permit, "a particular use of land may be enjoined as in violation of a restrictive covenant, although the use is permissible under the zoning ordinance" (*Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 432 [2004]). Unless unambiguous, however, such restrictive covenants do not prohibit the incidental use of a primary residence for professional work conducted in a manner which does not disturb the residential character of the neighborhood (*see Schnibbe v Glenz*, 245 NY 388, 392 [1927]; *9394 LLC v Farris*, 10 AD3d 708, 710 [2004]; *Ginsberg v Yeshiva of Far Rockaway*, 74 Misc 2d 391, 394 [1973], *affd* 45 AD2d 334 [1974], *affd* 36 NY2d 706 [1975]). Where a restrictive covenant is ambiguous, the covenant is strictly construed against those seeking to enforce it and the court must interpret the covenant to limit its restriction (*see 9394 LLC v Farris*, 10 AD3d at 709; *Premium Point Park Assn., Inc. v Polar Bar, Inc.*, 282 App Div 735 [1953], *affd* 306 NY 507 [1954]). A covenant is ambiguous when it is capable of more than one interpretation or, in other words, when it does not unequivocally prohibit a use (*see Turner v Caesar*, 291 AD2d 650, 652 [2002]). "[A]ll doubts and ambiguities must be resolved in favor of the natural right to the free use and enjoyment of property and against restrictions" (*Kjerner v Hayhurst*, 193 App Div 908, 909 [1920]; *see Schoonmaker v Heckscher*, 171 App Div 148, 151 [1916], *affd* 218 NY 722 [1916]). Whether a writing is ambiguous is a question of law to be resolved by the court (*see 9394 LLC v Farris*, 10 AD3d at 709-710).

On her cross motion, the defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the subject covenants in the deed are ambiguous

and do not unequivocally prohibit the subject activity (*see 9394 LLC v Farris*, 10 AD3d at 709; *Ginsberg v Yeshiva of Far Rockaway*, 74 Misc 2d at 394). Covenant No. 8 specifically excludes businesses and commercial enterprises, which would inject significant traffic and noise into the neighborhood, but does not specifically exclude professional work (*see Schnibbe v Glenz*, 245 NY at 392; *9394 LLC v Farris*, 10 AD3d at 710; *Iselin v Flynn*, 90 Misc 164, 169 [1915]). Further, although covenant No. 8 specifically excludes a hospital, it does not unequivocally exclude a limited medical practice (*see Ginsberg v Yeshiva of Far Rockaway*, 74 Misc 2d at 394). Moreover, the inclusion of covenant No. 8 would have been unnecessary if covenant No. 1 is construed to exclude all nonresidential activity. Thus, the Supreme Court correctly concluded that the restrictive covenants, when read as a whole, are ambiguous.

The defendant submitted evidence that the premises are her primary residence, where she resides with her children and husband, and that she sees from zero to two patients per day in her family room. She also submitted evidence that there are no signs or telephone listings advertising her practice, and that the subject activity contributes no unsuitable added noise, pedestrian traffic, or vehicular traffic to the neighborhood. Thus, the defendant established as a matter of law that the subject activity is incidental to her primary use of the premises as her residence, that the activity is not readily discernible to the public, and that it does not diminish the residential character of the neighborhood (*see Schnibbe v Glenz*, 245 NY at 392; *9394 LLC v Farris*, 10 AD3d at 710).

In opposition to the cross motion, the plaintiff submitted, inter alia, his affidavit, in which he states that three or four people, whom he believes to be patients, visit the defendant's premises in a "typical day." Such evidence did not raise a triable issue of fact sufficient to defeat the defendant's cross motion. Accordingly, the Supreme Court correctly granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.