SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**310**
**CA 12-01725**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

DAVID T. ROMILLY, INDIVIDUALLY AND AS
ASSIGNEE OF A DEM ENTERTAINMENT, INC., A
DEM ENTERTAINMENT AND DANNY E. MITCHELL,
PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

RMF PRODUCTIONS, LLC, ANDRE LANGSTON,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

DIBBLE & MILLER, P.C., ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MCCONVILLE, CONSIDINE, COOMAN & MORIN, P.C., ROCHESTER (WILLIAM E.
BRUECKNER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew
A. Rosenbaum, J.), entered December 15, 2011. The order, insofar as
appealed from, granted in part the motion of defendants-respondents
for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of the motion
seeking summary judgment dismissing the breach of contract cause of
action and reinstating that cause of action, and as modified the order
is affirmed without costs.

Memorandum: Plaintiff, individually and as assignee of A DEM
Entertainment, Inc., A DEM Entertainment (A DEM) and Danny E.
Mitchell, commenced this action seeking damages for, inter alia, the
alleged breach of agreements between A DEM and defendant RMF
Productions, LLC (RMF). Pursuant to an agreement dated September 8,
2008, A DEM agreed to make a capital contribution to fund the expenses
of a concert by hip-hop artist "Lil' Wayne" that was scheduled to be
held at a venue in Rochester on October 25, 2008 (original agreement).
In return for its investment, A DEM was to receive a share of the
profits from that concert, if any. The plans for the concert
thereafter changed from a single-night performance by Lil' Wayne to a
two-day event on October 25 and 26, 2008, at which other artists were
also to perform. Lil' Wayne was to be the "headline act" on the
second day. Pursuant to an agreement between A DEM and RMF dated
October 2, 2008, A DEM agreed to make an additional capital
contribution (amended agreement). It is undisputed that Lil' Wayne

failed to appear on October 26 and, pursuant to an agreement between the Attorney General, RMF and the venue, refunds were issued upon request to persons who purchased tickets for the concert on that date. Defendants-respondents (hereafter, defendants) have not made any payments pursuant to the original agreement or the amended agreement (collectively, agreement).

Plaintiff commenced this action alleging causes of action for breach of contract, fraudulent inducement, unjust enrichment and monies had and received. Defendants moved for summary judgment dismissing the complaint against them. Supreme Court granted those parts of the motion for summary judgment dismissing the causes of action for breach of contract, unjust enrichment and monies had and received, and otherwise denied the motion.

The court erred in granting that part of defendants' motion seeking summary judgment dismissing the breach of contract cause of action, and we therefore modify the order accordingly. First, we agree with plaintiff that the agreement is ambiguous with respect to whether A DEM and RMF intended to treat A DEM's capital contribution as a single investment covering the two-day event, or whether they intended that the contribution be divided and treated as separate investments in the October 25 concert and the October 26 concert. The agreement is reasonably susceptible of more than one interpretation, and defendants failed to meet their "burden of establishing that the construction [they] favor[] is the only construction which can fairly be placed thereon" (*Kibler v Gillard Constr., Inc.*, 53 AD3d 1040, 1042 [internal quotation marks omitted]). "Because the determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, the issue is one of fact for the trier of fact and cannot be resolved as a matter of law" (*Morales v Asarese Matters Community Ctr.* [appeal No. 2], 103 AD3d 1262, 1264 [internal quotation marks omitted]). Further, even if we were to accept their interpretation of the contract, we conclude that defendants failed to meet their burden of establishing that RMF fulfilled its obligations to A DEM under the agreement. The "Two Day Concert Accounting" and supporting documentation submitted by defendants, which purport to show that the two-day event lost money, are not in admissible form (*see Republic W. Ins. Co. v RCR Bldrs.*, 268 AD2d 574, 575); indeed, defendants do not even identify who prepared the accounting.

Finally, plaintiff does not raise any issues in his appellate brief with respect to the order insofar as it granted those parts of defendants' motion seeking summary judgment dismissing the causes of action for unjust enrichment and money had and received. We therefore deem any such issues abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered:  May 3, 2013                        Frances E. Cafarell
                                             Clerk of the Court