SAMUEL BOLHACK et al., Plaintiffs, *v.* TEMPLE ANSHE SHOLOM OF KEW GARDENS, Defendant.

Supreme Court, Special Term, Queens County, May 29, 1945.

*Cyrus C. Hoffman* for plaintiffs.

*Vollmer, Wildermuth & Dixson* for defendant.

C. A. JOHNSON, J. In this action, the defendant is sought to be restrained from using as a synagogue a converted one-family dwelling on premises described in the complaint, located on Richmond Hill Avenue, Kew Gardens, Queens. The plaintiffs are the owners and occupants of one-family dwellings in the same neighborhood. All the parties to the litigation derived title from Kew Gardens Corporation which, during the period since 1912, has engaged in the development of Kew Gardens, in the course of which it has conveyed many hundreds of parcels of real property. The several conveyances to the respective parties herein were all made subject to the following restrictive covenants: " And the party of the second part for his (her) heirs and assigns, does hereby covenant to and with the party of the first part that neither the party of the second part, nor his (her) heirs or assigns, shall or will, without the consent by written instrument of the party of the first part, at any time hereafter erect or permit upon any part of the land conveyed by the present indenture any slaughter house, smithshop, forge, furnace, steam engine, brass foundry, nail or other iron foundry, or any manufactory of gun powder, glue, varnish, vitriol, ink or turpentine, or for the tanning, dressing or preparing of hides, skins or leather, or any ale house, brewery, distillery or other place for the manufacture or compounding of intoxicating liquors, wines, beer, ale or spirits, or for the selling or dispensing the same, in any form, or for carrying on any other noxious, dangerous, or offensive trade or business, and that neither the party of the second part nor his (her) heirs, or assigns, will erect on said premises, or permit to be

erected thereon, without the written consent of the party of the first part, any sign or any fence, wall or similar structure or any building intended for the occupation of more than one family or household, or any building nearer than twenty feet, or any barn, stable or other outhouse nearer than forty feet to the line of any street, road or park laid out, or which may be laid out upon the property embraced in said map or any barn, stable, outhouse or cesspool nearer than ten feet to any adjoining property of party of the first part; and further that the present covenants on the part of the party of the second part shall run with the land intended to be affected thereby, and may be enforced by action, injunction or otherwise.''

The area involved has been developed as a high-class residential neighborhood of fine one-family dwellings. One such dwelling, with minor alterations not visible from without, the defendant is now using as a synagogue. This use the plaintiffs seek to restrain as being in violation of the restrictions.

The action is defended upon several grounds. First, that the original grantor having reserved the right to modify the covenant, it follows that the covenant was not for the benefit of the grantees but for the grantor's benefit only, and only the grantor may enforce it; second, that there has been a change in the character of the neighborhood and therefore, the restrictive covenant is no longer enforcible as against the defendant's property; and third, that the covenant will not be violated by the use of the premises as a place for religious worship.

Of these defenses only the third need be considered.

We must start with the well-established rule of law that restrictive covenants of this character are to be construed most strictly against the covenant; unless the thing sought to be enjoined is most plainly within the provisions of the covenant, there can be no injunction. (*Clark* v. *Jammes*, 87 Hun 215.)

With this in mind, let us examine the restrictive covenant carefully. It is divided into two parts. The first part, being the common restriction against nuisances, clearly sets forth the businesses or types of business to be prohibited. Nowhere in this part of the restriction is there any prohibition of the erection of a church or synagogue. The second part of the restriction, upon which the plaintiffs rely, reads, insofar as concerns the present issue, as follows: '' * * * neither the party of the second part, nor his (her) heirs or assigns, will erect on said premises * * * any building intended for the occupation of more than one family or household.''

This, as I read it, is a prohibition against apartment houses or dwellings for two or more families. It does not restrict the premises to a residential use, but does provide that if a building erected on the premises is to be used as a residence it must be occupied by not more than one family or household. Had the intention existed to limit the use of the premises solely to residential purposes it could have been easily accomplished by a simple provision to that effect. The language used is incapable of application to the use of the premises for a church, synagogue or school.

Having reached this determination, the consideration of the other contentions of the defendant is unnecessary. It follows that judgment in favor of the defendant, dismissing the complaint on the merits, must be granted, with costs.

Settle judgment on notice.