■ THOMAS A. LEWIS, JR., et al., Respondents, v. BARRIE C. SPIES, Appellant.— In an action (1) for a judgment declaring that defendant's proposed erection of a private family dwelling house on a portion of real property owned by him would violate certain restrictive covenants and (2) to enjoin such construction, defendant appeals from a judgment of the Supreme Court, Nassau County, entered June 20, 1972, which, after a nonjury trial, made such declaration and granted such injunctive relief. Judgment reversed, on the law and the facts, with costs, and it is adjudged that the covenant contained in the 1904 deed from the Garden City Company to Chase Mellen does

not prohibit defendant from erecting a private dwelling house on the subject portion of the property conveyed by said deed. This litigation involves the right of defendant to construct a private home on a portion of property owned by him. That portion is a part of a larger parcel conveyed by the Garden City Company to Chase Mellen in 1904. The remaining portion of the property conveyed by said deed already contains a private home. One of the issues before us is whether the covenants contained in the deed limit to one the number of dwellings which may be constructed upon the property conveyed by the deed. The covenant in question provides as follows: "First: That the said premises shall not, nor shall any part thereof be used for any commercial or manufacturing trade or business or purposes or for any factory, shop, hotel, livery or boarding stable, lodging, tenement, boarding or apartment house, school, seminary, hospital, or other institution, and that no building or structure except *a private dwelling house or a part thereof and the outbuildings connected therewith* shall at any time be erected thereon, and that no structure at any time thereon shall be used hereafter for any purpose other than as a private dwelling house, except the necessary and proper stables and outbuildings connected or designed for use in connection with such dwelling house; but nothing herein contained shall be construed to prohibit the owner or tenant of any building on said land actually occupied by him or her primarily as a dwelling house, from pursuing or teaching the liberal arts, sciences or professions or from taking at any one time four or any less number of persons to board or lodge" (emphasis supplied). We hold that plaintiffs lack standing to seek to enforce the covenant and, further, that in any event the covenant, even were it enforceable, does not preclude the construction of a dwelling on the parcel in question. Plaintiffs, as strangers to the deed in question, and not having been named therein as beneficiaries of the covenant, cannot enforce it unless they demonstrate that similar covenants in their deeds from the common grantor were part of a common scheme or plan of building development. That is, they would have standing based only upon an equitable right growing out of a situation in which the covenants were placed in deeds for the benefit of the grantees rather than for the benefit of the grantor (see *Steinmann* v. *Silverman,* 14 N Y 2d 243). We conclude that plaintiffs have not sustained their burden of demonstrating a common scheme or plan of building development. We reach this conclusion because (1) the various parcels conveyed by the common grantor are not uniform in size or shape, (2) dwellings have been erected on parcels of land which are smaller than the parcel in question and (3) as will be noted, there are substantial differences between the language contained in the deed in question and the language used in the deeds covering the properties of the various plaintiffs. Even were plaintiffs deemed to have standing, we are of the view that the covenant contained in the 1904 deed does not forbid the proposed construction. The resolution of this issue depends upon whether the indefinite article "a", as used in the phrase "a private dwelling house", is to be construed as a numerical limitation. The indefinite article "a" is not necessarily a singular term. It is often used to mean "any" rather than "one" (see Black's Law Dictionary [4th ed.], p. 3). As used in context, it could arguably have either of these meanings. Twenty-three deeds from a common grantor were received in evidence. All of them contain clauses substantially similar to the clause at issue. However, each of those deeds contains an additional clause which specifically limits the number of private homes (in most cases to one and in some to two) which could be constructed on the parcel conveyed. These specific provisions are an indication that the draftsman

was not of the view that the clause in question created a numerical limitation. As a general rule, restrictive covenants are construed strictly against those who formulate or seek to enforce them. Doubts or ambiguities should be resolved in favor of free use of the property (see *Single* v. *Whitmore,* 307 N. Y. 575, 581; *Buffalo Academy of Sacred Heart* v. *Boehm Bros.,* 267 N. Y. 242, 249). If such a covenant is reasonably capable of two constructions, the construction which limits rather than extends the restriction should be adopted (*Premium Point Park Assn.* v. *Polar Bar,* 306 N. Y. 507, 512). In applying these rules, it is clear that the doubt as to whether a numerical limitation was intended by the clause in question should be resolved in favor of free utilization of the property, which construction is in accord with the apparent intention of the draftsman. Rabin, P. J., Hopkins, Munder and Martuscello, JJ., concur; Latham, J., dissents and votes to affirm.