■ HOWARD P. ARONSON et al., Respondents, v DONALD N. RILEY, Individually and as Administrator of the Estate of FLORENCE CHALOUX, Deceased, Appel-

lant. — In an action, *inter alia,* to compel specific performance of a covenant contained in a deed to real property, defendant appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), entered March 12, 1981, which denied his motion for summary judgment dismissing the complaint. Order reversed, on the law, with $50 costs and disbursements, motion for summary judgment granted in favor of the defendant and complaint dismissed. The subject matter of this action is a parcel of real property in Westchester County originally owned by Edward Satenstein. The property had been part of a larger tract which contained the Satenstein home and a stable business known as Stratford Farms. On February 1, 1966, Satenstein, for the sum of $20,000, conveyed the subject parcel and transferred the stable business to his loyal employee and close friend, George Chaloux. The deed, in which Chaloux' wife, Florence, was cograntee, provides in relevant part that: "Neither of the grantees shall transfer or convey said premises to any person or corporation without first offering to sell and reconvey the above described premises to the grantor, his heirs or legal representatives for the sum of $20,000.00, free and clear of all encumbrances * * * This provision shall not apply to or have any force and effect with respect to any mortgage that may now or hereafter be placed upon said premises, and shall have no force or effect with respect to any owner subsequent to the grantees, and shall have no force or effect with respect to any owner acquiring title to said premises by or through foreclosure of any mortgage affecting said premises and by or through a deed delivered in lieu of foreclosure. It is intended that this covenant and provision is a personal covenant only and is not a covenant running with the land." The subject property was held by the Chalouxes as tenants by the entirety until the death of Mr. Chaloux on April 9, 1973 at which time Mrs. Chaloux became the sole owner of the property by right of survivorship. On December 22, 1978, Mrs. Chaloux died intestate leaving defendant Donald Riley, her son and Mr. Chaloux' stepson, as her only heir at law. By complaint dated February 21, 1980, the plaintiffs, as trustees under the last will and testament of Edward Satenstein, instituted the present action seeking, *inter alia,* (1) a judgment directing defendant to offer the subject property to plaintiffs and if said offer is accepted, to convey the property in accordance with the terms of the restrictive covenant in the deed, or (2) in the alternative, an award of damages for the fair market value of the property less $20,000 in the event defendant had conveyed or otherwise transferred the property. The plaintiffs claim that it was the intention of the parties at the time of the transaction that the Chalouxes were to have possession of the property as long as they lived, but if they decided to leave or when both died, the property could be repurchased by Satenstein or his legal representatives. Plaintiffs explain that Chaloux was approaching retirement age and that Satenstein, who was quite ill, felt it necessary to organize his estate and liquidate his assets and wished to protect his close friend and loyal employee by providing him with a place to spend his remaining years. Plaintiffs claim that it was intended that a life estate be given to the Chalouxes, but that the deed contained the language above quoted because the bank which was financing the transaction refused to loan Chaloux the purchase price on a life estate expressed as such in the deed. The defendant's motion for summary judgment dismissing the complaint was denied by Special Term which held that an issue of fact existed as to the intent of the covenant and that resolution of that issue would, in turn, allow the court to determine whether the covenant was an invalid restraint on alienation. It is our view that before a determination can be made with respect to the covenant as a restraint on alienation, the threshold issue of whether the covenant has been breached must be resolved. The plaintiffs argue that the intention of the parties underlying the covenant was that the grantor or his legal representa-

tives were to have the option to repurchase the property upon the death of the surviving grantee, if not sooner, and that the surviving grantee by passing on the property to her son by way of intestate succession, has breached the covenant. This court does not agree. "If the contract is clear and unambiguous, the language used must be given its ordinary, usual and normal construction." (*Johnson v Colter,* 251 App Div 697, 699.) While the word "transfer" when used as a verb may include testamentary dispositions as well as *inter vivos* conveyances, it does not, in its ordinary sense include descent by intestate succession (see, generally, Black's Law Dictionary [4th ed], p 1669; Bouvier's Law Dictionary [Rawle's 3d revision], p 3308; *Matter of Nettle,* 91 NYS2d 255, affd 276 App Div 929; *Hatfield v Buck,* 193 Misc 1041, 1042). Thus, the surviving grantee cannot, by dying intestate, be said to have made a "transfer" within the plain meaning of the restrictive covenant. Restrictive covenants should be strictly construed against those seeking to enforce them and are not given a construction extending beyond a clear meaning of the terms. Doubts or ambiguities should be resolved in favor of free use of the property (*Lewis v Spies,* 43 AD2d 714, 716; *Battista v Pine Is. Park Assn.,* 28 AD2d 714, 715). We cannot, therefore, conclude that the omission from the restrictive covenant of a provision which expressly provides whether the subject property was, upon the surviving grantee's death, to be offered to the grantor or his heirs or legal representatives creates an ambiguity to be resolved by ascertaining the parties' underlying intent. Lastly, "[c]onsideration of attending circumstances can never justify a construction of a contract of which the language is not susceptible. Attending circumstances do not justify the making, by the court, of a new contract" (*McLean v Woolworth Co.,* 204 App Div 118, 119-120, affd 236 NY 612). The plaintiffs' interpretation of the restrictive covenant is the equivalent of a contract to make a will as it would require the surviving grantee to make a testamentary disposition by which the plaintiffs were bequeathed an option to repurchase the subject property at the price fixed by the restrictive covenant. The covenant here is clearly not susceptible to such an interpretation. Under the circumstances, summary judgment should have been entered in defendant's favor and the complaint dismissed. Damiani, J. P., Lazer, Brown and Niehoff, JJ., concur.