■ LEO LIEBOWITZ et al., Respondents, v ALVIN MANDEL et al., Appellants, et al., Defendant.—In an action to permanently enjoin defendants from violating the terms of a restrictive covenant, defendants Mandel appeal from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered October 5, 1984, which, after a nonjury trial, granted the injunc-

tion and directed them to remove a privet hedge from along the boundary line of the right-of-way between their property and plaintiffs' property, and to restore the right-of-way to the condition existing prior to the planting of the privet hedge.

Judgment affirmed, with costs.

Appellants purchased their property subject to a restrictive covenant, *inter alia,* prohibiting the erection of a fence or planting of a hedge in an approximately 25-foot-wide specified area of their property "along the existing current boundary line of the right-of-way" between their property and the property owned by plaintiffs. Subsequently, they planted a privet hedge within the specified area. According to the surveyor's uncontroverted trial testimony, the center line of the hedge was approximately two feet from the property line, and the outermost part was about one foot from the property line. Appellants' sole contention on this appeal is that the language "along the * * * boundary line" in the restrictive covenant must be read as "on the * * * boundary line", and that because the hedge in question was not planted on the boundary line, there was no violation of the restrictive covenant warranting injunctive relief. Conceding that along can be defined as other than "on", and that the subject matter and context must be considered, appellants maintain that the interpretation of the covenant must be governed by the rule that where language used in a restrictive covenant is capable of two constructions, the construction which limits the restriction must be adopted *(e.g., Huggins v Castle Estates,* 36 NY2d 427; *Premium Point Park Assn. v Polar Bar,* 306 NY 507; *Lewis v Spies,* 43 AD2d 714; *cf. Crane Neck Assn. v New York City/Long Is. County Servs. Group,* 92 AD2d 119, 126, *affd* 61 NY2d 154, *cert denied* — US —, 105 S Ct 60). Because this is not a case of two equally plausible constructions to choose from, the rule of construction urged by appellants is not applicable. According to the construction advanced by appellants, a hedge planted merely a fraction of an inch from the boundary line would not violate the covenant. There would be no reasonable visual or functional distinction between such a hedge and one which is on the boundary line. We must conclude that if the drafters of the restriction intended to prohibit only a hedge or fence which was on the boundary line, they would have used the precise word "on", which is only one of many possible meanings of the word "along" *(see, e.g.,* Black's Law Dictionary 71 [5th ed]; Webster's Third New International Dictionary 1574). We find no reason to disturb the factual finding at nisi prius that the ordinary import of

"along" is not "on", that the construction advanced by appellants is unreasonable, and that the intent of the restrictive covenant, as expressed by the plain language employed, was to prohibit appellants from planting the hedge in question parallel to the boundary line. Mollen, P. J., Thompson, Bracken and O'Connor, JJ., concur.