■ ROBERTA L. THRUN et al., Appellants, v VERNON A. STROMBERG et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the erection of a second residential structure on the defendant's property violates a restrictive covenant in a deed to that property, the plaintiffs appeal from judgment of the Supreme Court, Westchester County (Nastasi, J.), dated May 30, 1986, which (1) denied the plaintiffs' motion, *inter alia,* for a preliminary injunction enjoining the construction, erection and maintenance of the second one-family dwell-

ing on the defendants' residential parcel, and (2) granted defendants' cross motion for summary judgment and held that "the defendants shall be permitted to continue construction of the additional single family dwelling located on defendants' property".

Ordered that the judgment is affirmed, with costs.

The restrictive covenant in question provides: "That the premises herein conveyed shall be used for residential purposes for one family and for no other purposes whatsoever, and that there shall not be erected or maintained upon any portion of the premises described any building of the type or character commonly designated an apartment house or a two or more family house or a tenement house". The record indicates that the defendant grantees began construction of a second home on their parcel. Neighboring homeowners then brought suit to enjoin the construction on the basis that the restrictive covenant prohibited the defendants from constructing a second single-family home on their property.

In reviewing the scope of restrictive covenants, it must be recognized that covenants restricting the use of land are contrary to the general public policy in favor of the free and unobstructed use of real property (*Premium Point Park Assn. v Polar Bar,* 306 NY 507; *Crane Neck Assn. v New York City/ Long Is. County Servs. Group,* 92 AD2d 119, 126, *affd* 61 NY2d 154, *cert denied* 469 US 804; *Lewis v Spies,* 43 AD2d 714, 716). Therefore, a restrictive covenant should be strictly construed against those seeking to enforce it and may not be given an interpretation extending beyond the clear meaning of its terms (*Aronson v Riley,* 87 AD2d 879, 881; *Battista v Pine Is. Park Assn.,* 28 AD2d 714, 715). Moreover, where the language used in a restrictive covenant is equally capable of two interpretations, the interpretation which limits the restriction must be adopted (*see, e.g., Huggins v Castle Estates,* 36 NY2d 427; *Premium Point Park Assn. v Polar Bar, supra; Liebowitz v Mandel,* 114 AD2d 491, 492; *Lewis v Spies, supra; cf., Crane Neck Assn. v New York City/Long Is. County Servs. Group, supra*).

Viewed within these guidelines, the plaintiffs' interpretation of the instant restrictive covenant's language must be rejected. The restrictive covenant's language, viz., that the premises can be used only for "residential purposes for one family", does not clearly establish a numerical limitation on the number of one-family residences which may be built on the subject premises. Therefore, it must be read to only

prohibit the defendant grantees from constructing a two- or more family dwelling on the subject premises. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.