■ Blind Brook Club, Inc., Respondent, v Peter Murray et al., Appellants. [679 NYS2d 671] —In an action for a judgment declaring, *inter alia*, that the restrictive covenants and agreement contained in a certain conveyance are valid and enforceable and to permanently enjoin the defendants from subdividing the property described in the conveyance, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Silverman, J.), dated September 26, 1997, which denied their motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment, and (2) a judgment of the same court, entered January 16, 1998, which, *inter alia*, declared the restrictive covenants and agreement valid and enforceable and permanently enjoined the defendants from subdividing the property described in the conveyance.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant Harold Goldberg is the owner of a parcel of property in Rye Brook, New York, and the defendant Peter Murray is the contract vendee of that property. After the defendants sought permission to subdivide the parcel into five lots, the plaintiff, the owner of an adjacent lot, commenced this action seeking a judgment declaring, *inter alia,* that a restrictive covenant burdened the parcel, and to permanently enjoin the defendants from subdividing the parcel.

Restrictive covenants are generally disfavored and are to be strictly construed against the party seeking to enforce them (*see, Witter v Taggart,* 78 NY2d 234; *Huggins v Castle Estates,* 36 NY2d 427). However, where proved by clear and convincing evidence, they are to be enforced pursuant to their clear meaning (*see, Witter v Taggart, supra; Huggins v Castle Estates, supra; Thrun v Stromberg,* 136 AD2d 543). Here, in response to the plaintiff's prima facie case, the defendants failed to raise a triable issue of fact. Rather, the interpretation of the covenant proffered by the defendants—that the limitation at issue was merely permissive and that unlimited subdivision and residential development of the property was therefore permissible —is clearly untenable in light of the clear and unambiguous language used. Accordingly, the Supreme Court did not err in granting judgment in favor of the plaintiff and against the defendants. Ritter, J. P., Thompson, Santucci and Joy, JJ., concur.