■ EARL J. LAURIA, JR., Respondent, v ANTHONY McKEE et al., Appellants. [719 NYS2d 273] —In a purported proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of Beekman dated January 3, 2000, which scheduled the regular meetings of the Town Board for the first and third Mondays of each month, the appeal is from a judgment of the Supreme Court, Dutchess County (Hillary, J.), dated April 4, 2000, which, *inter alia,* granted the petition and annulled the resolution.

Ordered that the judgment is reversed insofar as appealed

from, on the law, with costs, the purported proceeding is converted to an action for a judgment declaring that the resolution of the Town Board of Beekman dated January 3, 2000, is invalid, and it is declared that the January 3, 2000, resolution is lawful and valid.

The petitioner, a member of the Republican party, has been a member of the Town Board of Beekman (hereinafter the Board) since January 1998. He alleged that for the 10 years preceding his election, the Board held its regular meetings on the first and third Tuesday nights of each month. Democratic officials, however, gained control of the Board following the November 1999 election, and thereafter a majority of the Board voted to hold the regular meetings on the first and third Monday nights of each month, ostensibly to avoid a conflict with school board meetings. The petitioner, who attends a college class on Monday nights, commenced this proceeding, alleging, *inter alia*, that the Board acted in an arbitrary and capricious manner in enacting the resolution rescheduling its meetings, as there was no conflict with school board meetings on Tuesdays. The Supreme Court granted the petition and annulled the resolution. We reverse.

The resolution rescheduling the regular meetings of the Board was a purely legislative act which is not reviewable in a proceeding pursuant to CPLR article 78 (*see, Matter of Nassau Shores Civic Assn. v Colby,* 118 AD2d 782; *Matter of Swanick v Erie County Legislature,* 103 AD2d 1036). The petitioner, a minority party member of a legislative body, may not seek judicial review of an allegedly partisan, legislative act by claiming that the act is arbitrary and capricious. To hold otherwise would raise potentially troublesome issues implicating infringements on constitutional principles of separation of power. Rather, the appropriate procedural vehicle for reviewing such an enactment is an action for a declaratory judgment. Since personal jurisdiction was obtained over all of the necessary parties, we hereby convert the proceeding to an action for declaratory relief (*see, Matter of Nassau Shores Civic Assn. v Colby, supra*). However, the petitioner is not entitled to a declaration that the Board acted improperly merely because he finds the Board's determination to reschedule its regular meetings inconvenient. Krausman, J. P., S. Miller, Friedmann and Luciano, JJ., concur.