■ In the Matter of CONCERNED CITIZENS OF VALLEY STREAM, INC., et al., Appellants, v KENNETH BOND et al., Constituting the Zoning Board of Appeals of the Incorporated Village of Valley Stream, Respondents. [722 NYS2d 761] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Valley Stream, dated May 25, 1999, conditionally granting the application of the respondent Nathan Serota, *inter alia*, for site plan approval, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered December 31, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioners contend that the conditional granting of, among other things, site plan approval violated the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). We disagree. A court's authority to examine a SEQRA review conducted by an entity that was required to do so is limited to reviewing whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see, Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668, 688). If the record establishes that the agency "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for their determination," the court will not disturb the agency's determination (*Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 363-364; *see, Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382; *Matter of Coalition for Responsible Dev. v Town Planning Bd.,* 221 AD2d 626; *Horn v International Bus. Machs. Corp.,* 110 AD2d 87, 93; *Aldrich v Pattison,* 107 AD2d 258, 266).

Contrary to the petitioners' contention, the Zoning Board of Appeals of the Incorporated Village of Valley Stream (hereinafter the Board) complied with the substantive requirements of SEQRA (*see,* 6 NYCRR part 617 *et seq.*). The record establishes that the Board was fully informed of all pertinent environmental issues, including those dealing with flooding and drainage and increased traffic, before granting its conditional approval. The Board also adequately identified and addressed the environmental concerns raised in the Draft Environmental Impact Statement and gave more than reasonable consideration to the issues raised by the public at the hearing. Moreover, the

Board did not contravene the procedural requirements of SEQRA.

The petitioners' remaining contentions are without merit. Santucci, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.