■ BORIS PAPIKIAN, Appellant, v EDMUND McGRATH, Respondent, et al., Defendant. [724 NYS2d 485] —In an action to recover damages for podiatric and medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Patterson, J.), dated January 14, 2000, which granted the motion of the defendant Edmund McGrath to amend his answer to assert the affirmative defenses of lack of personal jurisdiction and the Statute of Limitations, and upon granting that relief, dismissed the complaint insofar as asserted against the respondent on those grounds, and (2) an order of the same court dated June 20, 2000, which denied his motion to reargue the prior motion.

Ordered that the appeal from the order dated June 20, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 14, 2000, is reversed, on the law, the motion is denied, and the complaint is reinstated insofar as asserted against the respondent; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On June 4, 1998, the plaintiff purchased Index No. 18938/98 and filed, *inter alia,* a copy of an order to show cause for a pre-action discovery order, directing the respondent and others to produce medical records relating to the plaintiff. The order to show cause was served on the respondent on June 10, 1998. On or about July 27, 1998, the plaintiff served the respondent with a copy of a summons dated March 12, 1998, bearing Index No. 18938/98 and a complaint dated July 9, 1998, an alleging acts of podiatric malpractice. The respondent contends that the

plaintiff failed to obtain personal jurisdiction over him and that the action is time-barred because the plaintiff failed either to file a copy of the summons and complaint served on him or purchase a new index number before the expiration of the Statute of Limitations. However, because the malpractice action was an adjunct to the pre-action discovery, the plaintiff was not required to purchase a new index number and file the summons and complaint with the clerk of the court to comply with CPLR 306-a (cf., *Mandel v Waltco Truck Equip. Co.,* 243 AD2d 542). Therefore, the plaintiff properly obtained jurisdiction over the respondent and the action is timely. Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.