■ BLUEBERRIES GOURMET, INC., Appellant, v ARIS REALTY CORP. et al., Respondents. [737 NYS2d 644] —In an action, inter alia, to permanently enjoin the operation of a business in the East Norwich Shopping Center as being in violation of a restrictive covenant in a lease, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Martin, J.), entered September 19, 2000, which, upon an order of the same court dated May 18, 2000, granting the defendants' motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

In December 1986 the plaintiff entered into an agreement with the defendant Aris Realty Corp. (hereinafter Aris) to lease space in the East Norwich Shopping Center for the operation of a "supermarket grocery store, including the sale of wine and beer, and on premises consumption of food." The agreement also included a restrictive covenant. Over 10 years later, in June 1997, Aris entered into an agreement to lease a neighboring store to KIS Bagels, Inc. (hereinafter KIS), for the operation of a Bagel Boss franchise. The plaintiff commenced this action against Aris and KIS for injunctive relief, alleging that the operation of the proposed bagel store would violate the restrictive covenant in the plaintiff's lease. The plaintiff alleged that the extensive line of food products and catering services directly competed with the plaintiff's own gourmet food services. The Supreme Court granted the plaintiff's motion for a preliminary injunction, and this Court reversed. After further discovery, Aris and KIS moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and we affirm.

Covenants restricting the use of land are strictly construed

against those seeking their enforcement because these covenants are contrary to the general public policy in favor of the free and unobstructed use of real property (*see, Thrun v Stromberg,* 136 AD2d 543). Such covenants may not be interpreted beyond the clear meaning of their terms (*see, Thrun v Stromberg, supra*). Contrary to the plaintiff's contention, the restrictive covenant in its lease clearly stated that the "Landlord will not lease any store in the East Norwich Shopping Center to a tenant engaged in the same or similar business as tenant, as a supermarket." Thus, neither the bagel store's catering services nor its restaurant violate the plaintiff's lease because the restrictive covenant only prohibits other stores in the shopping center from operating as supermarkets (*see, Arista Luncheonette v Harann Operating Corp.,* 1 AD2d 681, *affd* 1 NY2d 724). The fact that both stores sell a few similar grocery items does not compel a different result (*see, Sol Gord Luncheonette v S. & H. Realty Co.,* 50 AD2d 799).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.