■ In the Matter of JOSEPH DUBINSKY et al., Appellants, v GLORIA D'AMICO et al., Respondents. [759 NYS2d 139] —In a proceeding, inter alia, pursuant to CPLR article 78 to compel the respondent Gloria D'Amico, Clerk of the Supreme Court,

Queens County, to accept a summons and complaint in a medical malpractice action bearing Index No. 9165/2000 which was assigned to a related guardianship matter, the petitioners appeal from a judgment of the Supreme Court, Queens County (Glover, J.), dated June 13, 2002, which denied the petition and dismissed the proceeding.

Ordered that the proceeding is converted to an action for a judgment declaring that the medical malpractice action was properly commenced as adjunct to the guardianship proceeding, the notice of petition is deemed to be the summons, and the petition is deemed to be the complaint (*see* CPLR 103 [c]); and it is further,

Ordered that the judgment is reversed, on the law and as a matter of discretion, and it is declared that the medical malpractice action was properly commenced as adjunct to the guardianship proceeding; and it is further,

Ordered that one bill of costs is awarded to the appellants.

Under the circumstances of this case, we agree with the appellants that the malpractice action, timely commenced by Pauline Damiani on behalf of her incapacitated father, was "adjunct" to the guardianship proceeding she initiated previously. Notwithstanding that the defendants in the medical malpractice action were not parties to the guardianship proceeding (*cf. Mandel v Waltco Truck Equip. Co.,* 243 AD2d 542 [1997]), the guardianship proceeding was commenced by Damiani to gain standing to prosecute the malpractice action. In light of the affirmative error by the office of the Clerk of the Supreme Court, Queens County, which was central to the initial filing, the failure of the defendants in the medical malpractice action to raise any relevant objection to the manner of commencement of the malpractice action (*see Matter of Fry v Village of Tarrytown,* 89 NY2d 714 [1997]), and the total absence of prejudice to the defendants in the medical malpractice action (*see Ruiz v New York City Hous. Auth.,* 216 AD2d 258 [1995]), we find that the adjunct medical malpractice action was properly commenced under the index number assigned to the guardianship proceeding (*see Papikian v McGrath,* 283 AD2d 471 [2001]). Prudenti, P.J., Ritter, S. Miller and Schmidt, JJ., concur.