■ KEW FOREST NEIGHBORHOOD ASSOCIATION, INC., et al., Appellants, v M & K MANAGEMENT, LLC, et al., Respondents. [785 NYS2d 471]—

In an action, inter alia, for a judgment declaring that the subject medical practice violated a restrictive covenant, the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated May 6, 2003, which, upon renewal, granted the defendants' motion for summary judgment and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the operation of the subject medical practice does not violate the restrictive covenant.

"[C]ovenants restricting the use of land are strictly construed against those seeking their enforcement because these covenants are contrary to the general public policy in favor of the free and unobstructed use of real property" (*Blueberries Gourmet v Aris Realty Corp.,* 291 AD2d 520, 520-521 [2002]; *see Witter v Taggart,* 78 NY2d 234, 237 [1991]; *Huggins v Castle Estates,* 36 NY2d 427, 430 [1975]; *Kaufman v Fass,* 302 AD2d

497, 498 [2003], *lv denied* 100 NY2d 512 [2003], *cert denied* 540 US 1162 [2004]; *Thrun v Stromberg,* 136 AD2d 543 [1988]). The restrictive covenant at issue here prohibited only certain specified trades and businesses and other "noxious, dangerous or offensive trade or business." It thus clearly contemplated that other types of trade or business *not* "noxious, dangerous or offensive" be permitted. The professional medical practice at issue here cannot be considered a "noxious, dangerous or offensive trade or business." Further, while the restrictive covenant prohibits the erection of a building for occupation by more than one family or household, such as a multiple dwelling or an apartment building (*see Kew Forest Neighborhood Assn. v Lieberman,* 306 AD2d 443, 444 [2003]), it does not restrict the premises to residential use only (*see Bolhack v Temple Anshe Sholom of Kew Gardens,* 184 Misc 1071 [1945]; *cf. Blair v Ladue,* 14 AD2d 373, 375 [1961]). Thus, contrary to the plaintiffs' contention, the Supreme Court properly determined that the restrictive covenant did not bar the defendants from operating Dr. Mehran Manouel's orthopedic practice from the one-family premises known as 111-04 76th Drive, Queens, N.Y.

We do not reach the issue of whether the scale and manner of operation of Dr. Manouel's medical practice violates any zoning law as the plaintiffs concede that their claims are not based on any violation of the zoning laws regarding home occupation.

We note that since this is, in part, a declaratory judgment action, the Supreme Court should have made a declaration in favor of the defendants (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.