■ In the Matter of MADELEINE PETRARA PERRIN et al., Appellants, v BAYVILLE VILLAGE BOARD et al., Respondents. [894 NYS2d 131]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Village Board of the Village of Bayville, both dated April 23, 2007, which, inter alia, authorized the Mayor of the Village of Bayville to enter into a license agreement with the County of Nassau permitting the installation of, among other things, two microwave dish antennae and six omnidirectional antennae on property owned by the Village of Bayville, and issued a negative declaration with respect to the installation of the antennae pursuant to the State Environmental Quality Review Act (ECL art 8), the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Winslow, J.), dated August 10, 2008, which granted the motion of the respondents Bayville Village Board, Victoria Siegel, as Mayor and in her individual capacity, Timothy J. Horgan, Carol Kennedy, John Laurine, and Douglas G. Watson, as Trustees of Bayville Village and in their individual capacitives, and James A. Reilly, as Village Attorney of Bayville Village and in his individual capacity, and the separate motion of the respondent County of Nassau to dismiss the proceeding pursuant to CPLR 3211 and CPLR 7804 (f), and dismissed the proceeding.

Ordered that so much of the proceeding as sought to review the determination of the Village Board of the Village of Bayville dated April 23, 2007, which authorized the Mayor of the Village of Bayville to enter into a license agreement with the County of Nassau permitting the installation of, among other things, two microwave dish antennae and six omnidirectional antennae on property owned by the Village of Bayville is converted to an action for a judgment declaring that the proposed installation of the microwave dish antennae and six omnidirectional antennae on property owned by the Village of Bayville would violate a restrictive covenant (see CPLR 103 [c]); and it is further,

Ordered that the order and judgment is modified, on the law, by adding a provision thereto declaring that the installation of two microwave dish antennae and six omnidirectional antennae on property owned by the Village of Bayville will not violate the restrictive covenant; as so modified, the order and judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

By resolution dated April 23, 2007, the Village Board of the Village of Bayville authorized the Mayor of the Village to enter into a license agreement with the County of Nassau which would permit installation of two microwave dish antennae and six omnidirectional antennae on property owned by the Village, to be used by the Nassau County Police Department in connection with its public safety radio system. The antennae were to be installed on a water tower situated on a parcel of land previously gifted to the Village by a deed containing a restrictive covenant. By separate resolution also dated April 23, 2007, the Village Board issued a negative declaration under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), with respect to the proposed installation of the antennae.

The petitioners, who are neighboring property owners benefitting from the restrictive covenant in the Village's deed, commenced this proceeding pursuant to CPLR article 78 to review the resolution issuing the SEQRA negative declaration, and to review the resolution authorizing the Mayor of the Village to enter into a license agreement with the County permitting the installation of the antennae. This latter claim, in actuality, sought a judgment declaring that the proposed installation of the antennae on the Village's water tower would violate the restrictive covenant in the Village's deed and related injunctive relief. The Supreme Court granted the motions of various respondents to dismiss the proceeding pursuant to CPLR 3211 and 7804 (f), and dismissed the proceeding.

Since personal jurisdiction was obtained over all of the necessary parties, we convert that portion of the proceeding which sought review of the resolution authorizing the Mayor of the Village to enter into a license agreement with the County into an action for a declaratory judgment (see CPLR 103 [c]; *Matter of Dubinsky v D'Amico*, 304 AD2d 828, 829 [2003]; *Lauria v McKee*, 279 AD2d 509, 509-510 [2001]; *Kamhi v Town of Yorktown*, 141 AD2d 607, 608-609 [1988], *affd* 74 NY2d 423 [1989]). Upon review of the substantive issue raised in that claim, we conclude that the relief requested was properly denied, but for reasons different from those relied upon by the Supreme Court.

"Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (*Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 431 [2004]; *see 9394 LLC v Farris*, 10 AD3d 708, 709 [2004]). "[A] party seeking to enforce a restriction on land

use must prove, by clear and convincing evidence, the scope, as well as the existence, of the restriction" (*Greek Peak v Grodner*, 75 NY2d 981, 982 [1990]).

The restrictive covenant at issue provides that "no use of the premises shall be made or permitted which would be offensive, dangerous or obnoxious to the owners or any owner (now or hereafter) of land within a radius of one mile of the premises whether by reason of smoke, odor, fumes or any other use whatsoever offensive to such owners." The petitioners assert that the proposed installation of the antennae would violate this covenant because the radio frequency (hereinafter RF) radiation emitted by the antennae would pose substantial health risks, and thus that the installation of the antennae would be dangerous and offensive to them, despite the fact that the antennae would be licensed by the Federal Communications Commission (hereinafter FCC), and therefore, must comply with federal safety standards. The petitioners take the position that, due to the phrase "any other use whatsoever offensive to such owners," the covenant bars any use that is subjectively offensive to the landowners within one mile of the water tower. Due to the vague and subjective nature of the covenant as the petitioners would have this Court interpret it, it would not constitute a "reasonable" limitation on the free use of land (*cf. Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424 [2004]; *see Biggs v Sea Gate Assn.*, 211 NY 482, 488 [1914]; *Rowland v Miller*, 139 NY 93, 102 [1893]), and the petitioners would not be capable of demonstrating, by clear and convincing evidence, the scope of the restriction and its violation, as is their burden (*see Turner v Caesar*, 291 AD2d 650, 651 [2002]; *see also Moubray v G. & M. Improvement Co.*, 178 App Div 737, 739 [1917]).

Even if the restrictive covenant is viewed from an objective standpoint, interpreting the phrase "offensive, dangerous or obnoxious," as we must, with reference to the offensive, dangerous, or obnoxious conditions specifically enumerated in the provision, as well as within the context of the entire deed (*see Herald Sq. S. Civic Assn. v Consolidated Edison Co. of N.Y.*, 307 AD2d 213, 213-214 [2003]; *Romano v Greenwald,* 254 App Div 782, 782-783 [1938]; *Moubray v G. & M. Improvement Co.,* 178 App Div at 740), the covenant cannot be said to prohibit FCC-licensed antennae that emit RF radiation. The restrictive covenant refers to uses of the land which would be "offensive, dangerous or obnoxious" by reason of "smoke, odor [or] fumes." It further bars use of the land for "public amusements, concessions, vending, restaurants or other commercial enterprises" or for use as "a dumping ground, [for] garbage disposal purposes,

[or as] an incinerator." In light of this context, interpreting the restrictive covenant to prohibit such an uncertain, intangible, and attenuated danger as the danger allegedly posed by emissions of RF radiation from FCC-licensed antennae, would extend the covenant beyond the contextual meaning of its terms, and would impermissibly serve to extend, rather than limit, its restriction (see *Rautenstrauch v Bakhru*, 64 AD3d 554, 555 [2009]; *9394 LLC v Farris*, 10 AD3d at 710; *Kew Forest Neighborhood Assn., Inc. v M & K Mgt., LLC*, 12 AD3d 569, 570 [2004]; *Blueberries Gourmet v Aris Realty Corp.*, 291 AD2d 520, 521 [2002]). Accordingly, the court should have included a provision declaring that the proposed installation of the antennae would not violate the restrictive covenant.

The Supreme Court correctly dismissed the petitioners' challenge to the SEQRA negative declaration. Since the record establishes that the Village Board "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for their determination," the Court will not disturb the agency's determination (*Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 363-364 [1986], quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]; see *Matter of Concerned Citizens of Val. Stream v Bond*, 282 AD2d 532, 532 [2001]). Further, the Village Board's reliance upon an environmental study commissioned by, and performed on behalf of the Village, which, in the Village Board's judgment was objective and sound, was not unreasonable merely because the Village was reimbursed for the costs of the study by the company contracted to install the antennae. The petitioners' allegation that the study was biased is not supported by any evidence.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Florio, Miller and Hall, JJ., concur.